————o————

P. S. MORRIS, Defendant in Error, *vs.* ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY Co., Plaintiff in Error.

1. *Damages—Stock killed at railroad depot—Killed at switch—Negligence—Proof.*—Where stock is killed on the grounds of a railroad at a depot, and it is necessary for transaction of business that the space shall be kept open, the company will not be liable without proof of negligence, notwithstanding the fact that the road is not fenced at that point. But where stock is killed on a railroad switch at a point where it is unnecessary to keep the road open in order to transact business, the company will be liable without proof of negligence.

2. *Damages—Property owned by minor son—Father cannot recover for.*—A father cannot recover damages from a railroad company for killing stock owned by his son, although the latter is a minor.

*Error to Audrain Circuit Court.*

*Woodson, Blodgett & McFarlane,* for Plaintiff in Error.

VORIES, Judge, delivered the opinion of the court.

This action was commenced before a justice of the peace in Audrain county. The action was brought under the fifth section of the act concerning "Damages and contributions in actions of tort," (Wagn. Stat., 519) to recover damages for

the killing and crippling by the locomotive of defendant of two mules and one horse colt, alleged to be the property of the plaintiff.

A judgment was rendered by the justice in favor of the plaintiff for the value of the animals killed and injured. From this judgment an appeal was taken to the Audrain Circuit Court, where the plaintiff again recovered judgment.

In due time the defendant filed motions for a new trial and in arrest of the judgment, which were severally over-ruled by the court, and the case has been brought to this court by writ of error.

The evidence introduced in the trial of the case in the Circuit Court, tended to prove that the mules and colts sued for were killed and injured at a cattle guard situate about one-fourth of a mile west of Thompson's Station, in Audrain county; that said station is situate in an open prairie country, has a passenger depot and stock pens situate thereat, and a switch to the road has been constructed at the station, which extends west from the station to within about forty yards of the cattle guard where the injury to the stock took place; that from this cattle guard west the defendant's railroad is fenced, but that the space of about one-fourth mile between where the mules and colt were injured and the depot is open, unfenced prairie land; that the switch to the road extends west to within forty yards of where the fence inclosing the railroad commences; that the mules had entered upon the road at or near the station, and had run down the track to where they were injured; that the train of cars by which the injury was inflicted, was going west, and made no stop at the station; that the mules had escaped from plaintiff's pasture the night before the injury, and had gone on the track. One mule and the horse colt were killed. and the other mule crippled. The mule killed was proved to be worth $225; the other mule was injured to the amount of $25, and the horse colt was shown to be worth $75. The colt belonged to a minor son of the plaintiff. The injury was shown to have been by a train conducted by the servants of

defendants.   At the close of the evidence, the court, at the instance of the plaintiff, instructed the jury as follows :

1. "If the jury believe from the evidence in the case, that the plaintiff's mules and colt were killed and injured by the cars, locomotive or other conveyance used on defendant's road, and that the accident did not occur at the crossing of a highway, nor on a portion of defendant's road inclosed by a fence, nor where the said road crossed the plat of any town or city, then the defendant will be liable irrespective of the question of negligence, and the jury should find for the plaintiff."

2. "If the jury believe from the evidence in the case, that defendant's road was not fenced at the place where the damage was done, and where said road does not cross any street or highway, 'and where the said road does not cross the plat of any town or city, it matters not that the highest degree of care was exercised by the defendant's agents and servants, the defendant is liable notwithstanding, and the jury should find for the plaintiff."

These instructions were objected to by the defendant, and exceptions taken.   The defendant then asked the court to instruct the jury, among other instructions, as follows :

1. "The court instructs the jury that the plaintiff is not entitled to recover in this action under the statement and evidence."   2. "If the jury believe from the evidence, that plaintiff's mules and colt were killed or injured upon a portion of defendant's road included in the switch limits of the depot, or if such mules and colt got upon the track of defendant's road at such switch, then plaintiff is not entitled to recover in this action."   3. "If the jury believe from the evidence, that the colt charged to have been killed by defendant's railroad machinery was the property of the son of the plaintiff, they will not be authorized to find for the plaintiff damages for killing such colt, although the son may have been a minor."

These instructions were refused by the court, and exceptions saved.   The verdict and judgment were for the aggregate value of the mules and colt, as shown by the evidence.

There are several minor exceptions saved in the record, but the only questions presented in this court for consideration, grow out of the action of the court in giving and refusing the instructions herein set forth. The statute under which this action was brought, provides in general terms that when any animal shall be killed by the cars or other carriage of a railroad company, the owner may recover its value without any proof of negligence or unskillfulness on the part of the agents or servants of the company. But it is further provided that the provisions of the section shall not apply to any accident happening where the road is inclosed by a lawful fence, or in the crossing of any public highway.

. The first and second instructions given by the court on the part of the plaintiff, are justified by a literal construction of the statute, and there may be many cases where the evidence would fully justify said instructions. For if there was no evidence in the case to show that the animals came on the road or were killed at a place where it would be unlawful or impracticable for the company to fence its road, the instructions as given would be wholly proper. But it is insisted in this case, that there was evidence tending to show that the mules and the colt which were killed or injured, came on to the railroad track through the open ground at the depot, where it was necessarily left open for the use and convenience of the company and its passengers, and those who brought freight to the depot for transportation, and that it was wholly impracticable to fence the road at such place without destroying the use for which the road was intended, and that these facts in the case were wholly ignored by the court in the instructions given.

In the case of Lloyd vs. The Pacific Railroad Co., (49 Mo., 199) decided by this court, it was held that where a cow was killed in the open grounds of the defendant at a station or depot on the road, and that it was necessary, for the transaction of business with the public and the reception and discharge of freight and passengers, that such space should be

left open, the company in such case would not be liable without the proof of negligence, notwithstanding the road was not fenced at such place; and that the same ruling would be made where the injury happened in a town where there were streets to be kept open, and where to fence the road would be to create a nuisance. It would seem from the interpretation of the statute given in that case, that the instructions given by the court in view of the evidence in this case would be improper. At least they would be improper without an accompanying instruction to qualify or modify their language to conform them to the facts in evidence, and the interpretation of the statute as given in the case referred to.

It is next insisted that the court erred in refusing the instructions asked for by the defendant. The first instruction asked for by the defendant was properly refused; the facts should have been submitted to the jury for their decision. By the second instruction asked for by the defendant, the court is asked to tell the jury that, if the mule and colt were killed or injured upon a portion of the road included in the switch limits of the station or depot, or if they got upon the road at such switch, the plaintiff could not recover. That instruction was also properly refused. There is no reason why defendant should not fence its road along each side of the road where it has a switch, as well as at other places. Where a switch extends along the main track for a considerable distance through an open prairie, it is just as necessary and practicable to have the road fenced as upon any other part of the road, and we are not inclined to extend the rule laid down in the case of Lloyd vs. The Pacific Railroad Co., before referred to, further than the facts of that case will justify, and that is, that the company is not required to fence such grounds as are *necessary* to remain open for the use of the public and the necessary transaction of business at the depot or station.

The fourth instruction asked by the defendant ought to have been given. If the colt sued for was not the property of the plaintiff he had no right to recover its value in an ac-

tion in his name, and in his own right, and it can make no difference that the plaintiff's son, to whom the colt belonged, was a minor, and the evidence clearly tended to prove that the colt belonged to the son of the plaintiff.

The judgment will be reversed and the cause remanded; the other judges concur.