125   632
143    36
125   632
84a  534

THE STATE *ex rel.* GIOVANONI V. ROMBAUER *et al.,*
*Judges.*

### Division One, December 22, 1894.

**Courts of Appeals:** JURISDICTION: TRANSFER OF CAUSE TO SUPREME COURT: MANDAMUS. A cause of which one of the courts of appeals has exclusive jurisdiction can not be transferred to the supreme court, unless one of the judges of such court of appeals in which such case is decided judicially determines that its decision is in conflict with a previous decision of one of said courts of appeals or of the supreme court, and the exercise of this judicial discretion can not be controlled by *mandamus*. (Constitutional Amendment, 1884, sec. 6.)

### *Mandamus.*

PEREMPTORY WRIT DENIED.

*Leverett Bell* and *Jesse A. McDonald* for relator.

(1) If a court of appeals decides a cause contrary to the last previous ruling of the supreme court on the subject, the supreme court has power by *mandamus* to compel the court of appeals to transfer the cause to this court, notwithstanding that no one of the judges of the court of appeals is of opinion that the judgment of the court of appeals conflicts with the prior judgment of the supreme court. (2) The judgment of the court of appeals in *State v. Giovanoni,* is in conflict with the prior decision of the supreme court in *State v. Fitzgerald,* 44 Mo. 425. The provision of the state constitution, section 9, article 8, requiring the trial and determination of contested elections of public officers, etc., by the courts of law and the legislation adopted thereunder, have not in any degree impaired the force and effect of *State v. Fitzgerald,* 44 Mo. 425, and it is

well settled in *State v. Francis*, 88 Mo. 557, that a proceeding by *quo warranto* is not a contested election. The proposition that the house of delegates of St. Louis under the charter making it the sole judge of the election, etc., of its members, has exclusive power over the subject and the courts by *quo warranto* have no right to inquire into or control the exercise of said power, is supported by McCrary on Elections, section 345; Paine on Elections, section 808; *Henry v. City Council*, 42 N. J. 335; *People v. Metzkee*, 47 Cal. 524; *Linegan v. Rittenhouse*, 94 Ill. 208; 1 Dill. Mun. Corp. [4 Ed.], section 202. It is respectfully submitted that the demurrer should be overruled and a peremptory *mandamus* awarded.

BRACE, J.—It appears from the return to the alternative writ issued herein, that on the sixteenth day of November, 1893, one Henry Bruch instituted in the circuit court of the city of St. Louis a proceeding by information for a writ of *quo warranto* against the relator in which it was claimed that the relator was intruding himself into the position of member of the house of delegates of the city of St. Louis from the fifth ward of said city. Thereafter the venue of said action was changed to the circuit court of St. Louis county, and on the second day of January, 1894, a judgment of ouster against the relator was rendered in said court, from which an appeal was taken to the St. Louis court of appeals, in which court a judgment was rendered on the ninth of October, 1894, affirming the judgment of the circuit court of St. Louis county.

Afterwards, on the tenth day of October, 1894, the relator filed the following motion in the court of appeals: "The appellant moves the court to transfer this cause to the supreme court, because the opinion of the court is contrary to the opinion of the supreme

court in *State v. Fitzgerald*, 44 Mo. 425, and, further, because the case involves the title to an office under the state, namely, the office of member of the house of delegates of the city of St. Louis, and further, because the case involves the construction of section 9 of article 8 of the state constitution." Which motion, coming on to be heard, was, on the sixteenth day of October, 1894, overruled by said court and the relator thereupon instituted the present proceeding to compel said court to transfer said cause to this court.

It is not contended by the relator here, that the St. Louis court of appeals did not have appellate jurisdiction in said cause, but that the decision therein of said court is contrary to the decision of this court in *State ex rel. v. Fitzgerald*, 44 Mo. 425, and that in such case this court has power by *mandamus* to compel the court of appeals to transfer the cause to this court, although no one of the judges of the court of appeals is of the opinion that their decision does so conflict.

Under the constitutional amendment of 1884, in cases coming within the appellate jurisdiction of the courts of appeal, no appeal lies from those courts to the supreme court. By section 6 of that amendment it is provided "that the last previous rulings of the supreme court on any question of law or equity shall, in all cases, be controlling authority in said courts of appeal."

The only provision made for a review of the decisions of such courts of appeal, in cases within their appellate jurisdiction, is that "when any one of said courts of appeal shall in any cause or proceeding render a decision which any one of the judges therein sitting shall deem contrary to any previous decision of any one of said courts of appeal or the supreme court, the said court of appeals must, of its own motion, pending the same term and not afterward, certify and

transfer said cause or proceeding and the original transcript therein to the supreme court, and thereupon the supreme court must rehear and determine said cause or proceeding, as in case of jurisdiction obtained by ordinary appellate process.''

While by section 8 of the amendment, the supreme court is given superintending control of the courts of appeals by *mandamus*, prohibition and *certiorari*, it is well settled law that the writ of *mandamus* can not be made to take the place of an appeal or writ of error or to perform their functions. Whether a case within the exclusive appellate jurisdiction of the courts of appeal can be transferred to the supreme court at all depends upon the judicial determination by one of the judges of that court that its decision in such case is in conflict with a previous decision of one of said courts or of the supreme court. The exercise of this judicial discretion can not be controlled by *mandamus*. As was said in *State ex rel. v. Smith*, 107 Mo. 527: ''To grant the writ in this and like cases is to make the writ of *mandamus* perform the functions of an appeal, and thus do indirectly what the constitution says shall not be done directly.''

The superintending control given to the supreme court over the courts of appeal is to be exercised, not by invading their jurisdiction, controlling their judgments or the judgment of any one of their judges, but by keeping them within their jurisdiction and compelling them, if need be, in a proper case, to exercise their jurisdiction. For such purposes *mandamus* and prohibition are legitimate remedies for suitors in those courts, but not for the purpose of bringing before us for review the judicial determination by such courts or any of its judges of any question within their exclusive jurisdiction. As no one of the judges of the St. Louis court of appeals was of the opinion that the decision of

that court in the relator's case was in conflict with a previous decision of this court, it did not become the duty of said court to transfer the cause to this court, and its refusal to do so affords no ground for the exercise of the mandatory power vested by the constitution in the supreme court over that tribunal. *State ex rel. v. Smith, supra; State ex rel. v. Philips*, 96 Mo. 570.

The peremptory writ is denied and the cause dismissed at the cost of the relator. All concur.