SMITH V. MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

143  33
144  173
144  410
143  33
154  320

### Division One, February 23, 1898.

1. **Appellate Jurisdiction:** TRANSFER OF CASE TO SUPREME COURT: CONFLICT OF DECISIONS. One of the judges of the Kansas City Court of Appeals appended to the unanimous opinion of that court these words: "While concurring in the foregoing opinion, I yet feel doubtful as to whether or not the conclusions reached can be harmonized with" a former opinion of the Supreme Court. It is *held* that these words do not meet the requirements of the Constitution which says that when any one of the judges of a court of appeals deems its decision contrary to any previous decision of the Supreme Court, the cause shall be transferred to the Supreme Court, it being the opinion of this court that the word "deem" means that the judge of the court of appeals must believe or be of the opinion that the decision is contrary to a former decision of the Supreme Court, and not merely "feel doubtful" about it.

2. ———: ———: ———: ORDER. The order of the court of appeals does not give this court jurisdiction of a case transferred from such court, but the fact that one of the judges of said court deems the decision of a cause pending therein to be contrary to a former opinion of this court, does.

3. ———: ———: ———: TEST. It is not for this court to say a decision of a court of appeals is contrary to a former decision of the Supreme Court, when the attempt is made to transfer a cause to this court on the ground that there is a conflict of decisions; but before the Supreme Court can obtain jurisdiction over a cause otherwise appealable only to the court of appeals, one of the judges of such court must find that its decision therein is contrary to a former opinion of this court or of the other court of appeals.

*Transferred from Kansas City Court of Appeals.*

REMANDED TO KANSAS CITY COURT OF APPEALS.

*On Motion to Remand.*

*Scarritt, Griffith & Jones* for the motion.

This court has no jurisdiction of this case because no judge of the court of appeals deemed the

decision of that court contrary to any previous decision of the Supreme Court. The only power the court of appeals has to certify this cause to this court is that conferred by section 6 of the amendment of the Constitution in regard to the court of appeals. *State ex rel. v. Smith*, 105 Mo. 6; *State ex rel. v. Rombauer*, 125 Mo. 635; *State ex rel. v. Smith*, 107 Mo. 520.

*Elijah Robinson* against the motion.

(1)   After this case had been pending in this court about two years, and had been submitted on briefs by both sides, and in addition, an oral argument on the part of the respondent, the counsel for respondent have suddenly come to the conclusion that the case should never have been sent here, because Judge GILL, of the Kansas City Court of Appeals, did not adopt the exact language of the Constitution, and say: "I deem the decision in this case in conflict with a previous decision of the Supreme Court." I respectfully submit that the point is entirely too technical to be possessed of any merit.   (2) If it is made to appear by the language used by any judge of the court of appeals that he is of opinion that a decision of that court is in conflict with a previous decision of this court, it then becomes the imperative duty of that court to certify the case to this court. It is wholly immaterial what language is used to indicate his opinion. It is sufficient if his language be such as to clearly indicate that he entertains and intended to express the opinion that there was a conflict. *Johnson v. Reading*, 36 Mo. 318.

MACFARLANE, P. J.—The suit is in two counts on two bills of lading issued, as alleged, by defendant to one Theodore Nathan for two carloads of grain and by said Nathan indorsed and delivered to plaintiff. The

Smith v. Mo. Pac. R'y Co.

circumstances under which the bills were issued and the defenses made to the action need not be stated.   On a trial in the circuit court plaintiff obtained judgment for $1,011.58 and defendant appealed to the Kansas City Court of Appeals.   In that court the case was twice heard.   The first hearing resulted in a reversal of the judgment.   Upon a rehearing, which was granted on the motion of plaintiff, the judgment was affirmed. The opinion was written by Judge Ellison, the other judges concurring therein, Judge GILL using this language:   "While concurring in the foregoing opinion of Judge Ellison, I yet feel doubtful as to whether or not the conclusion reached can be harmonized with *Louisiana National Bank v. Laveille*, 52 Mo. 380.   In order, then, that a question so important to our commercial interests may be settled in this State, I have concluded to ask that the case be certified to the Supreme Court."  .The judgment of the court, after declaring an affirmance, has this further judgment: "It is further considered and adjudged by the court that in accordance with the Constitution one of the judges is doubtful whether or not the conclusion reached can be harmonized with the opinion of the Supreme Court in the case of *Louisiana National Bank v. Laveille*, 52 Mo. 380, and therefore it is ordered certified to the Supreme Court for its determination."   On this order the case is transferred to this court.   Plaintiff objects to the jurisdiction of this court to review the proceedings of the circuit court and files a motion to remand the cause to said court of appeals.   The ground of the motion is that the reaso n for the transfer given by the court of appeals, in its order, is insufficient to confer jurisdiction on this court.

The case is clearly one within the jurisdiction of the court of appeals.   That being so, the Constitution makes but one provision under which this court can

acquire jurisdiction of the appeal. Section six of the amendment to the Constitution, relating to the courts of appeals, provides: "When any one of said courts of appeals shall in any cause or proceeding render a decision which any one of the judges therein sitting shall deem contrary to any previous decision of any one of said courts of appeals, or of the Supreme Court, the said court of appeals must, of its own motion, pending the same term and not afterward, certify and transfer said cause or proceeding and the original transcript therein to the Supreme Court and thereupon the Supreme Court must rehear and determine said cause or proceeding, as in case of jurisdiction obtained by ordinary appellate process; and the last previous rulings of the Supreme Court on any question of law or equity shall, in all cases, be controlling authority in said courts of appeals."

This section has been brought before this court for construction on several occasions in which an effort was made, by *mandamus*, to compel the courts of appeals to certify a cause to this court. *State ex rel. v. Philips*, 96 Mo. 571; *State ex rel. v. Smith*, 107 Mo. 527; *State ex rel. v. Rombauer*, 125 Mo. 635. This is, we believe, the first case in which the sufficiency of an order of transfer, made by the court of appeals, under the provisions of said section, has been questioned.

To give this court jurisdiction, it must appear from the record that one of the judges of the court of appeals deemed the decision therein rendered contrary to a previous decision of one of the courts of appeals or the Supreme Court. This record shows that "one of the judges is doubtful whether or not the conclusion reached can be harmonized with the decision of the Supreme Court" in a case named. The order follows the opinion of Judge GILL, who says: "While concur-

ring in the foregoing opinion of Judge Ellison, I yet feel doubtful as to whether or not the conclusion reached can be harmonized with *Louisiana National Bank v. Laveille*, 52 Mo. 380.'' The Constitution evidently required that one of the judges must conscientiously form an opinion that the decision rendered is contrary to a prior decision, and this opinion should appear upon the record. It is said in *State v. Philips*, *supra:* ''It is for the dissenting judge to solve that question in his own mind and conscience, give it expression in authentic form upon the records of the court in explicit terms; and only when this is done does it become the duty of the court to certify and transfer the cause.'' This expression was approved in the later case of *State ex rel. v. Smith*, *supra*, and the still later case of *State ex rel. v. Rombauer*, *supra*. In the case last cited it is said further: ''Whether a case within the exclusive appellate jurisdiction of the courts of appeal can be transferred to the Supreme Court depends upon the judicial determination by one of the judges of that court that its decision in such case is in conflict with a previous decision of one of said courts or of the Supreme Court.'' By these opinions the Constitution is construed to mean that in order to confer jurisdiction upon this court one of the judges of the court of appeals must believe or entertain the opinion that the decision of the court is contrary to a former decision of one of the courts named. Indeed, no other construction can fairly be given to it. The ordinary meaning of the word ''deem,'' according to the Century Dictionary, is: ''To think, judge or hold as an opinion; decide or believe on consideration.'' ''Doubt'' implies a want of settled conviction or opinion upon a proposition considered. It is ''that state of mind in which we hesitate as to two contradictory conclusions.'' The general and primary rule of con-

struction requires that words, when there is nothing to indicate that they are used in a peculiar sense, shall be given their ordinary or popular meaning. It is true, these decisions were rendered in cases in which efforts were made, by writs of *mandamus*, to require the courts of appeal to transfer causes which they had refused to order transferred.

In this case the court has made the order. But the order is not the fact that confers the jurisdiction upon this court. Jurisdiction is conferred by the fact that one of the judges deems the decision contrary to a former decision; the jurisdiction vests whether an order is made or not. If the order was made for the reason appearing upon the record that one of the judges deems the decision contrary to a former decision of one of the courts, we might presume the existence of the jurisdictional fact, though the record did not otherwise show it. But when the judgment shows upon its face that no cause for the transfer existed, that the jurisdiction of the Supreme Court did not vest, we have no right to presume the contrary. "Within the sphere of its constitutional authority, a court of appeals has the same right to hear and finally determine questions of law involved in the case before it, as the Supreme Court has in causes which belong here." *State ex rel. v. Smith*, 105 Mo. 6. The court of appeals is given no discretion to shift its jurisdiction to the Supreme Court, no matter how important the question, or how great the necessity of having it settled by the highest judicial authority of the State. It must assume the responsibility the Constitution places upon it. The judge who differs from his associates in the application of decided cases must do so judicially in order to defeat the jurisdiction of his court, and vest it in the Supreme Court. He has the right and it is his duty to interpret and apply the

former decisions of the courts of appeals and the Supreme Court. He must judicially determine a conflict between the decision reached and some former decision before the jurisdiction is shifted to the Supreme Court. To entertain a doubt is not to entertain an opinion. The two states of the mind can not exist together. In order to authorize the transfer of a cause it is not necessary that the word "deem" should be used to express the conclusion of the disagreeing judge, but such appropriate words should be used as will indicate that he reached a judicial conclusion that a conflict existed. The mere expression of a doubt "whether or not the conclusion reached can be harmonized with a former opinion of the Supreme Court" is not sufficient. Such a construction of the Constitution would virtually relieve the judges of the courts of appeals of the duty, and often a difficult one, of resolving doubt as to the application of the facts of the case under consideration to decisions of other cases. This duty necessarily rests upon the court, and in case the judges agree, its judgment is final as to that case. It was not intended that one of the judges should, by expressing a doubt, relieve himself of his duty and responsibility of deciding, and, by that means, have the power to impose them upon another court. His duty is to resolve his doubts and decide, and if his decision differs from that of his associates, "to say so and say it in terms as to which there could be no mistake." On his decision the jurisdiction of the Supreme Court rests, not upon his doubts. *State ex rel. v. Smith,* 107 Mo. 527. This court is without jurisdiction and the case is remanded to the Kansas City Court of Appeals.

PER CURIAM.—The foregoing opinion, prepared by our late associate, MACFARLANE, P. J., having been duly considered, is adopted as the opinion of the

court, and in accordance therewith the case will be remanded to the Kansas City Court of Appeals. BRACE, P. J., and ROBINSON and WILLIAMS, JJ., concurring.