SCHAFER v. ST. LOUIS AND HANNIBAL RAILWAY
COMPANY, *Appellant.*

### Division Two, May 17, 1898.

1. **Appellate Jurisdiction:** COURT OF APPEALS: UNANIMOUS OPINION. Where a court of appeals are of the unanimous opinion that its decision is in conflict with the last previous rulings of this court, it is their duty to conform its judgment to the rulings of this court. And a cause transferred to this court in order that the Supreme Court may change its rulings which the court of appeals think are wrong, will be remanded to that court.

2. ———: ———: ———. A case can not be transferred to the Supreme Court by a court of appeals simply because the judges of the latter court deem the case important and are not satisfied as to the previous rulings of this court on the same propositions.

3. ———: ———: ———: CASE STATED. The St. Louis Court of Appeals, by a unanimous opinion, reversed the judgment of the circuit court, but made an order that the case should be certified to this court upon the ground that its decision was "seemingly opposed to the decision of the Supreme Court in *Morris v. Railroad,* 58 Mo. 78," and because this court in that case "did not have in mind the danger to trainmen which would result from cattle-guards across the main and side tracks." *Held,* that this court had no jurisdiction of the cause, and that a case can not be sent to this court by one of the courts of appeals with a view of having this court to recede from a doctrine it has previously laid down.

*Transferred from St. Louis Court of Appeals.*

REMANDED TO ST. LOUIS COURT OF APPEALS.

*Hostetter & Jones* for appellant.

*Norton & Avery* and *J. D. Barnett* for respondent.

GANTT, P. J.—This cause was commenced before a justice of the peace in Lincoln county, June 30, 1893, and a judgment obtained by the plaintiff, July 29, 1893.

Thereupon an appeal was taken to the circuit court and a trial *de novo* was had on November 18, 1893. Motions for new trial and in arrest of judgment were filed in due time and were overruled November 14, 1894, and a bill of exceptions tendered and signed July 29, 1895. Appeal was taken to the St. Louis Court of Appeals and transcript filed in that court August 13, 1895. At the October term, 1895, an opinion was rendered by the court of appeals reversing the case, February 5, 1896, and giving judgment accordingly, but at the same time it was ordered that the cause should be certified to this court, upon the ground that the decision of the St. Louis Court of Appeals "was seemingly opposed to the decision of the Supreme Court in *Morris v. Railroad*, 58 Mo. 78," and because in the opinion of the St. Louis Court of Appeals this court in *Morris v. Railroad* "did not have in mind the danger to trainmen which would result from cattle guards across the main and side tracks."

The amount claimed in the petition in this case is only $300 and the judgment in the circuit court was for only $225, damages for the killing of two horses of plaintiff by a train of defendant near its station at Moscow. The question at once suggests itself whether this court upon the foregoing facts has jurisdiction of this appeal. Section 6 of the amendment of the Constitution of this State, adopted at the general election held on the Tuesday next following the first Monday in November 1884 (Laws of Missouri, 1883, p. 215; R. S. 1889, p. 88), provides, that "when anyone of said courts of appeals shall in any cause or proceeding render a decision which anyone of the judges therein sitting shall deem contrary to any previous decision of anyone of said courts of appeals or of the Supreme Court, the said court of appeals must of its own motion, pending the same term and not afterward, certify and

transfer said cause or proceeding and the original transcript therein to the Supreme Court and thereupon the Supreme Court must rehear and determine said cause or proceeding as in case of jurisdiction obtained by ordinary appellate process; *and the last previous rulings of the Supreme Court on any question of law or equity shall in all cases be controlling authority in said courts of appeals.*"

It is apparent from the opinion of the St. Louis Court of Appeals that their opinion in this case was unanimous. There was no such division among the judges of that court as was contemplated and anticipated by the amendment to the Constitution. Neither do we think it doubtful from the language of the opinion that all the members of that court concurred in the opinion that their own judgment was in conflict with the opinion of this court, written by Judge VORIES in *Morris v. Railroad*, 58 Mo. 78, and there can be very little doubt that all the judges of the court of appeals were of the opinion that this court in *Morris v. Railroad*, had overlooked an important fact in arriving at its decision in that case, and hence reached an erroneous conclusion. If this be true, and we think their opinion is hardly susceptible of a different construction, then the cause is sent here with a view to have this court recede from the doctrine it laid down in that case. With all due respect to our brethren of that court we think they have misconstrued the Constitution in certifying the case to this court, because if they were of the unanimous opinion that their decision was in conflict with the last previous rulings of this court it was their obvious duty to conform their judgment to the rulings of this court and thus avoid any conflict in the decisions of the two courts. But if, on the other hand, they were unanimously of opinion that their conclusion was not in conflict with the

last previous rulings of this court, then there is no warrant in the Constitution for sending the case to this court merely because they deemed the question important and were not fully satisfied with the rulings of this court.

In *Smith v. Railroad*, 143 Mo. 33, the Kansas City Court of Appeals transferred the cause to this court because one of the judges of that court while concurring with the other two used this language: "While concurring in the foregoing opinion of Judge ELLISON, I yet feel doubtful as to whether or not the conclusion reached can be harmonized with *Bank v. Laveille*, 52 Mo. 380." It was unanimously ruled by this court that the mere doubt of one of the judges did not confer jurisdiction on this court. In that case Judge MACFARLANE gives this clear interpretation of the amendment: "In this case the court has made the order. But the order is not the fact that confers jurisdiction upon this court. Jurisdiction is conferred by the fact that one of the judges deemed the decision contrary to a former decision; the jurisdiction vests whether the order is made or not. If the order was made for the reason appearing upon the record that one of the judges deemed the decision contrary to a former decision of one of the courts we might presume the existence of the jurisdictional fact though the record did not otherwise show it. But when the judgment shows upon its face that no cause for transfer existed and that the jurisdiction of the Supreme Court did not vest, we have no right to presume to the contrary. . . . The court of appeals is given no discretion to shift its jurisdiction to the Supreme Court *no matter how important the question, or how great the necessity of having it settled by the highest judicial authority of the State.* . . . It must assume the responsibility the Constitution places upon it." The

language' of the St. Louis Court of Appeals in this case brings it squarely within the ruling in the *Smith* case, 143 Mo. 33. This cause is sent here simply because it is deemed important and because the St. Louis Court of Appeals are not fully satisfied as to the meaning of the *Morris* case. Neither of said reasons confer any jurisdiction on this court. It is not the province of the courts of appeals to require this court in this manner to interpret its decisions for them. The decision in *Morris v. Railroad*, 58 Mo. 78 was rendered nearly a quarter of a century ago, and no doubt has ever been entertained prior to this case as to its true meaning. It has been cited and approved by this court as late as the October term, 1893, of this court in *Railroad v. Clark*, 121 Mo. 169, and followed in *Cox v. Railroad*, 128 Mo. 362. The St. Louis Court of Appeals followed and approved it in *Robinson v. Railroad*, 21 Mo. A. 141, and *Forester v. Railroad*, 26 Mo. A. 123. The Kansas City Court of Appeals in *Russell v. Railroad*, 26 Mo. A. 368, relied upon it as the true construction of section 2611, Revised Statutes 1889, and expressed no doubt of the meaning to be given the language of Judge VORIES. The same court again quotes it as controlling authority in *Johnson v. Railroad*, 27 Mo. A. 379.

But, as already said, notwithstanding all of the judges of the St. Louis Court of Appeals may be unable to discern the true meaning of the language used by this court in the *Morris* case, that circumstance does not give this court jurisdiction of this case and it is our duty to remand the case to the St. Louis Court of Appeals, and it is so ordered. SHERWOOD and BURGESS, JJ., concur.