WILDEN v. McALLISTER, Appellant.

Division One, December 23, 1903.

Appellate Jurisdiction: UNANIMOUS OPINION OF COURT OF APPEALS. Where all the judges of a Court of Appeals unanimously deem its decision in a cause to be in conflict with one of its prior decisions, it should not certify the cause to the Supreme Court, but overrule its prior decision.

Transferred from St. Louis Court of Appeals.

REMANDED TO ST. LOUIS COURT OF APPEALS.

*Frank A. C. MacManus* for appellant.

*Arthur E. Kammers* for respondent.

MARSHALL, J.—This case was certified to this court by the St. Louis Court of Appeals because all of the judges of that court deemed that its opinion in this

case is in conflict with the decision of that Court of Appeals in the case of Beck v. Haas, 31 Mo. App. 180.

Section 6 of the amendment of 1884 to article 6 of the Constitution provides that, ''When any one of said Courts of Appeals shall in any cause or proceeding render a decision which any one of the judges therein sitting shall deem contrary to any previous decision of any one of said Courts of Appeals, or of the Supreme Court, the said Court of Appeals must, of its own motion, pending the same term and not afterward, certify said cause or proceeding and the original transcript therein to the Supreme Court,'' etc.

But this furnishes no authority for the action of the Court of Appeals in certifying this case to this court.

No one of the judges of that court deemed the opinion of that court in this case to be in conflict with the decision of that court in the case of Beck v. Haas, but all of the judges of that court so deemed it.

Under such circumstances there appears no reason whatever why the Court of Appeals should not overrule Beck v. Haas, nor is there any necessity or warrant for sending the case to this court to do what that court had full power to do.

The provision of the Constitution quoted means that when a majority of the Court of Appeals render a decision which such majority does not deem to conflict with a prior decision of the other of the Courts of Appeals or of this court, but which one of the judges of the Court of Appeals deems to so conflict, the case shall be transferred to this court. In other words, this provision was intended for the protection of the minority of that court, and not to furnish a new method of enabling the majority to keep the decisions of that court harmonious. If the Court of Appeals renders a decision which the judges unanimously deem to conflict with a decision of the Supreme Court, that is no ground for sending the case to this court. But under such circumstances it is

the duty of the Court of Appeals to set aside its ruling and to conform its ruling to the decision of this court. [Bank v. Woesten, 144 Mo. 407; Schafer v. Railroad, 144 Mo. 170.]

But when the Court of Appeals deems its decision in any case contrary to any previous decision of that court, there is no impediment in the way of its overruling such prior decision. That court does not need the aid of this court in such cases.

For these reasons this court has no jurisdiction of this case, and it is therefore remanded to the St. Louis Court of Appeals.

All concur.