McGUIRE, Respondent, v. ST. LOUIS, MEMPHIS & SOUTHEASTERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, May 16, 1905.

1. **RAILROADS: Fencing Track.** The statute, requiring railroad companies to fence their tracks, permits them to leave unfenced a sufficient space about depots and stations to carry on business with reasonable convenience to the public and safety to train operatives.

2. ———: ———: **"Station."** In order to constitute a "station" at a point on a railroad, it is not necessary to have a depot and station agent there; the receipt and discharge of passengers and freight and the maintenance of a platform are sufficient.

3. ———: ———: **Killing Stock.** In an action against a railroad company for killing an animal on the defendant's track, where it was not fenced, where the evidence showed that the place was a hamlet with a mill, several homes and a store, but not incorporated, that a platform was maintained by the railroad company and passengers and freight were received and dis-

charged there, the question whether it was necessary for the track to be unfenced for the safe and commodious transaction of business at the point where the animal went upon the track, was for the jury.

Appeal from Stoddard Circuit Court.—*Hon. Jas. L. Fort*, Judge.

REVERSED AND REMANDED.

*L. F. Parker* and *James Orchard* for appellant.

(1) The court erred in refusing to give demurrer asked by defendant at the close of the evidence in this case. The undisputed evidence is that the steer was killed within the switch limits at Eaglet; that there was a depot and station ground there which was left open for the transaction of business with the public. That being true defendant was not required to fence at that point. Morris v. Railroad, 58 Mo. 78; Swearingen v. Railroad, 64 Mo. 73; Russell v. Railway, 83 Mo. 507; Robinson v. Railroad, 64 Mo. 412; Lloyd v. Railway, 49 Mo. 199; Grant v. Railway, 66 Mo. App. 65; Vanderworker v. Railway, 51 Mo. App. 156; Crenshaw v. Railway, 54 Mo. App. 166. (2) The court erred in giving the instruction on the part of the plaintiff. The instruction ignores the fact that the defendant had the right to leave the depot and switching grounds unfenced. Where the fencing of the depot or of switch limits would interfere with the transaction of business with the public the railroad company is not required to fence. The testimony is undisputed as to the fact in this case, hence the court should not have given the instruction in the form given, but should have left it to the jury to decide under the evidence whether or not there was too much space left open by the company for the transaction of such business as it might have with the public. All of which was ignored in this instruction. Chouteau v. Railroad, 28 Mo. 556.

*Mozley & Wammack* for respondent.

(1)   Respondent's cause of action is squarely bottomed on section 1104, R. S. 1899, for double damage, and under this section no exception is made as to switch limits in regard to fencing.   R. S. 1899, sec. 1105. (2)   The court did not err in refusing defendant's demurrer to the evidence.   It was a question for the jury to determine from all the evidence whether plaintiff's animal came upon the track and grounds of the defendant through the open space between the west end of the spur and the west cattle guard, and whether such space was a place that defendant was required by law to fence, and the jury having determined this adversely to appellant under the instructions of the court, the judgment must stand.   Ellis v. Railway, 89 Mo. App. 241; Gannon v. Gas Co., 145 Mo. 502, 46 S. W. 968, 47 S. W. 907; Bradenburg v. Railway, 44 Mo. App. 224.   Under the facts in this case we submit that the company could not arbitrarily say, nor the court be authorized to find, just how much space it was necessary for the company to leave unfenced at Eaglet.   It was a question of fact for the jury to determine.   Downey v. Railway, 94 Mo. App. 140, 67 S. W. 945; Straub v. Eddy, 47 Mo. App. 194.

GOODE, J.—Action for double damages for the killing of a steer by the defendant's train.   The animal went on the track of the defendant at Eaglet, a stopping place or station in Stoddard county.   The defense was that it was necessary to leave the railroad track unfenced at that place in order to carry on the business of the station with reasonable convenience to the public and safety to train operatives.   The court gave an instruction for the plaintiff which ignored this defense and, in effect, directed a verdict for the plaintiff if the animal strayed on the track where the railroad was unfenced, unless the point was at a public highway crossing or in an incor-

porated town. This instruction can be justified only in case there was no depot or station at Eaglet. It is a hamlet where there are a mill, several homes and a store, but not incorporated  A platform is maintained by the railroad company along its track and passengers are taken on and let off there. Freight is received and deposited too; it seems, for the convenience of anyone who wishes to ship to and from the point. There is no depot building and as to whether or not a railroad agent is kept there the evidence is silent.

By judicial construction of the statute requiring railroad companies to fence their tracks, they are permitted to leave a sufficient space open about depots or stations for the safe and commodious transaction of the business of the station. One side of the main track at Eaglet is unfenced, as is also a spur which runs out from the main track about two hundred yards. There was testimony that it was necessary to leave this space open for the safety of train operatives and so the patrons of the company could load and unload freight. Cattle guards would have been required if the whole space had been inclosed and these might have endangered trainmen. On the whole we think it was a question for the jury whether it was necessary to leave the track unfenced where the plaintiff's steer entered, provided Eaglet was a station within the meaning of the rule allowing railroad companies to leave such space unfenced about a station as business needs require to be open. The word "depot" or "station" is used in different senses according to the subject-matter of the case under consideration. Sometimes a court has to determine whether or not a railroad company has complied with its contract to maintain a depot or station at a certain point. [Gayeau v. R. R., 25 Grant's Ch. (N. C.) 64; Hood v. Id., L. R. 5 Ch. 525.] At other times whether a certain point is a station in the sense that notice of the times of arrival and departure of trains must be posted. [State v. R. R., 133 Ind. 69.] And, again if the point is a station so that

passengers must be accepted or set down there (Georgia, etc., Ry. v. Robinson, 68 Miss. 643) ; or freight received: [Kansas City, etc., Ry. v. Lilly, 8 South. R. (Miss.) 644.] The purpose of the rule exempting companies from fencing about stations is to promote the safety of train operatives (who would be endangered in moving and coupling cars by fences and the cattle guards required to render fences effective) and to facilitate public convenience. Therefore, it is proper to affix such a meaning to the word "station" as will serve the ends of this rule of law, if we can do so consistently with reason and other legal rules. It is not necessary to have a depot and a station agent at a railroad point to constitute the point a station in some senses of the term. The receipt and discharge of passengers and freight and the maintenance of a platform are sufficient. [State v. Northampton Co. 37 Conn. 153; Anderson v. R. R., 16 Can. L. T. 185; s. c. 27 Ont. Rep. 44; State ex rel. v. R. R., 12 S. Dak. 305.] A distinction is taken in the books between a regular station, where trains stop at appointed times, and offices are kept, and buildings for the storage of freight and the comfort of passengers, and a station where passengers are taken on or let off if they give notice in advance. [Cook v. R. R., 67 Ala. 533; Chicago, etc., R. R. v. Flag, 43 Ill. 364.] Eaglet is designated as a station by the defendant company. We understand that the company regularly received and discharged passengers and freight there. If this is true, it ought to be deemed a station within the meaning of that word when used in stating the rule permitting railroad companies to allow necessary grounds to remain unfenced about a station. It was important for the patrons of the defendant railway company to have convenient access to its platform and tracks at Eaglet in taking passage on trains and loading and unloading freight. It was important, too, for train operatives to be exempt from the danger of cattle guards in moving and coupling cars, a task they would be compelled to perform at that point.

The facts appear to bring the place within the reason of the rule of law invoked as a defense to this action.

Of course, whether it was necessary for the track to be open at the very point where the plaintiff's animal entered was a question for the jury, to be submitted by an appropriate instruction. .

The judgment is reversed and the cause remanded. All concur.