STATE ex rel. E. W. MAJOR, etc., Relator, v. JEFFERSON D. MITCHELL et al., etc., Respondents.

**St. Louis Court of Appeals, May 25, 1909.**

CERTIORARI: Local Option: County Courts. A writ of certiorari, to test the validity of an act of a county court in issuing a dramshop license in violation of a local option law, brings up for review only the proceedings of the county court in granting the license, and the court cannot inquire into the validity of the election.

Original Proceeding by Writ of Certiorari to the St Francois County Court.

WRIT QUASHED.

*R. C. Tucker, F. M. Carter* and *G. O. Nations* for relator.

*Edward A. Rozier* for respondent.

GOODE, J.—This is an original proceeding for the writ of certiorari directed to the judges of the county court of St. Francois county, to test the validity of their

action in granting a license on January 5, 1909, to Wade Hampton to keep a dramshop in the city of Elvins, in said county. The writ was issued February 15, 1909, on a petition charging respondents had acted without jurisdiction in granting said license and without authority of law, for the reason that on March 7, 1908, there was an election in said county pursuant to the local option statutes, which election resulted in prohibiting the sale of intoxicating liquors in the county. In their return the respondents filed certified copies of Hampton's application and petition for a dramshop license, all the orders of the county court relating thereto, and answered that they, as judges of the county court, had found Hampton was a law-abiding, taxpaying citizen over twenty-one years of age; that his petition for a license contained the names subscribed thereto of two-thirds of the assessed taxpayers and guardians of minors owning property in the block wherein the dramshop was to be kept; that is, they returned the applicant was eligible for license, had complied with all the requirements of the statutes and thereby had become entitled to a license. It will be perceived this return brought up only the record of the county court in respect of granting a license to Hampton, but inasmuch as relator contended the action of the court in granting the license was void, and in excess of its power, on account of the previous election putting in force the local option statutes, we ordered a further return to bring up the record of the county court in respect of the local option election. We did this, reserving the right to determine whether or not the writ of certiorari in the present case would reach the record of the proceedings in the local option election. The object was to have the latter record before us if we concluded it might properly be considered in the present case. Counsel for respondents object to its consideration on the ground that it was no part of the record of the county court in the matter of granting a license to Hampton and that the

writ could only bring up said record. It is apparent if this is true, the action of the county court in granting the license cannot be set aside, because, according to the return, Hampton was entitled to a license unless the local option law was in force in the county. We held in State ex rel. Retornaz v. Mitchell, — Mo. App. —, 119 S. W. 498, the local option election was invalid as to the city of Farmington, but expressly refrained from passing on its validity in the county of St. Francois outside said city. The county court in granting a license to Hampton treated the election as invalid in the rest of the county, and this is the matter relator and his counsel really desire to have reviewed. We cannot review it unless the record in the proceedings in connection with the local option election, properly might be brought up by the writ in the present case. And even then we would have to pass on the question upon what the record of the county court showed, and not various extraneous matters to which we are referred in the briefs. The proceedings in regard to the local option election and the record of those proceedings, were closed nine or ten months before Hampton applied for license. His application brought before the county court an entirely independent proceeding wherein the question was his right to a license, the answer depending partly on his petition and qualifications, and partly on whether there had been a valid local option election in the county outside Farmington. The latter point would not be determined by the county court in this proceeding by an inquiry into the regularity of the proceedings for the local option election, but from the record of the result of the election and proof of the publication of the result in compliance with the statute. [State v. Searcy, 39 Mo. App. 393, 407; Id., 46 Mo. App. 421; Id., 111 Mo. 236.] A writ of certiorari brings up only the record in the cause or proceeding in which it is issued. [Ward v. Board Equalization, 135 Mo. 309; State ex rel. v. County Court, 136 Mo. 323.] This is the general doc-

trine recognized in all the cases, but we have found none specifically enforcing it in a proceeding exactly like the present one. In Inhabitants of Reedington v. Dilley, 24 N. J. L. 209, we find a parallel case. In that case there had been a proceeding before the county court or appropriate tribunal, altering a highway. Subsequently a controversy arose with the defendant Dilley regarding the assessment of damages for taking his property, and in the later proceeding a writ of certiorari was issued. The contention was made this writ ought to bring up the record of the proceedings to alter the highway, but it was held the only record the writ could reach was the one in immediate controversy.

The writ will be quashed. All concur.