## JOSEPH LITTLE, Respondent, v. BUTLER COUNTY RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, June 22, 1909.

1. **RAILROADS: Fences: Stations: Convenience.** A railroad company is not excused from fencing its track on the plea of necessity, except in the vicinity of a station; it cannot leave its line unfenced where it runs through the country, away from stations, on the ground it is convenient to receive passengers and freight at such places.

2. ————: ————: **Injuring Stock: Pleading: Instruction.** In an action against a railroad company for injury to the plaintiff's cow, caused by collision with the defendant's locomotive on account of failure to fence its track, an instruction which authorized a verdict for plaintiff on certain stated facts, and

spoke of the defendant's train as having "cut off the hind leg of a cow" was not erroneous, where the evidence only showed that the leg was broken, since the instructions required the jury to find the difference between the value of the cow immediately before and immediately after the accident.

3. ————: ————: **Pleading Variance.** In an action against a railroad company brought before the justice of the peace for injury to the plaintiff's cow, where the statement alleged that "defendant failed and neglected to keep and maintain a lawful fence," an instruction basing plaintiff's right to recover upon whether or not the plaintiff "constructed" a lawful fence was an immaterial variance, and was waived by the defendant's failing to take advantage of section 655, Revised Statutes of 1899.

Appeal from the Butler Circuit Court.—*Hon. J. C. Sheppard*, Judge.

AFFIRMED.

*Ernest A. Green* for appellant.

The court erred in refusing to give to the jury instruction numbered 3, requested by the defendant. It was the province of the jury to say whether, under all the evidence in the case, it was necessary that the point where plaintiff's animal got upon the track should be left unfenced for a depot grounds for the defendant. Acord v. Railroad, 113 Mo. App. 84; Smith v. Railroad, 111 Mo. App. 414; McGuire v. Railroad, 113 Mo. App. 79; Hillman v. Railroad, 99 Mo. App. 271; Glasscock v. Railroad, 82 Mo. App. 146; Ellis v. Railroad, 89 Mo. App. 241; Hurd v. Chappell, 91 Mo. App. 317; Spooner v. Railroad, 66 Mo. App. 32; Vanderworker v. Railroad, 51 Mo. App. 170; Straub v. Eddy, 47 Mo. App. 193; Jennings v. Railroad, 37 Mo. App. 651; Pearson v. Railroad, 33 Mo. App. 546; Morris v. Railroad, 58 Mo. 78. The court erred in excluding evidence offered by the defendant as to the necessity of leaving this point unfenced, as to the piling and loading of logs there, as to the character of the surrounding country, and in

general as to this particular point being depot grounds of the defendant. Hurd v. Chappell, 91 Mo. App. 317; Ellis v. Railroad, 89 Mo. App. 241; Glasscock v. Railroad, 82 Mo. App. 146; Hillman v. Railroad, 99 Mo. App. 271; McGuire v. Railroad, 113 Mo. App. 79; Acord v. Railroad, 113 Mo. App. 84; Smith v. Railroad, 111 Mo. App. 410; Spooner v. Railroad, 66 Mo. App. 32; Vandeworker v. Railroad, 51 Mo. App. 170; Straub v. Eddy, 47 Mo. App. 193; Jennings v. Railroad, 37 Mo. App. 651; Pearson v. Railroad, 33 Mo. App. 546.

*Abington and Phillips* and *David W. Hill* for respondent.

The cow in question was struck and injured at a point between Marshall's Mill and Lowell Junction and about one quarter of a mile from Marshall's Mill, at a point adjoining uninclosed lands, where there was no public crossing, no station, no depot, no platform, no accommodations whatever for the public and not a regular stopping place and this evidence being undisputed, it was not a question for the jury but for the court to decide as a matter of law that the point where the cow was struck was not a railroad station or depot and the court, therefore, properly refused to give to the jury the instruction asked by the defendant. Acord v. Railroad, 113 Mo. App. 84; Duncan v. Railroad, 111 Mo. App. 193.

GOODE, J.—This is an action for double damages for the loss of plaintiff's cow which was injured by a locomotive of the defendant company. The defendant owns and operates a railway company running from Lowell Junction to Marshall's Mill, in Butler county, and about a mile and a half long. The cow got on the track and was injured about a quarter of a mile from Marshall's Mill. The right of way has never been fenced along the line of railroad, which runs through a swampy

country, and is operated mostly for the transportation of logs cut from the adjacent lands. The logs are piled along the right of way at the point nearest to where they are cut, and it is in testimony this is done because they will not bear the expense of moving them to stations. The defendant also hauls other freight and passengers to some extent, but does little business except transport logs. The logs and other freight, and the passengers carried, are not taken aboard or unloaded at regular depots or stations but anywhere along the line; and such is the uniform testimony. It appears there is no regular depot or station; at all events, the cow was not injured in the vicinity of one. Her value was laid at $25 and the proof sustains the averment. The engine broke her hind leg so badly the bone protruded through the hide and afterwards the leg was cut off. She was also injured in other ways.

Complaint is made of an instruction given for the plaintiff and also of the refusal of the following instruction asked by the defendant:

"The court instructs the jury that if they find and believe from the evidence, that at the point where plaintiff's animal got on the track and was injured, the defendant had depot grounds; that is to say, grounds where passengers get on and off trains or where freight is loaded or unloaded, and that it was necessary for the convenient and safe transaction of the business of the defendant, and the accommodation of the public having business with the defendant, to leave the defendant's track unfenced at that point, then the defendant was not required to fence its track at said place, and your verdict should be for the defendant."

The jury assessed plaintiff's damages at $20, and judgment having been entered for that sum, after appropriate motions, defendant appealed.

The main contention on the appeal is the refusal of the instruction we have copied which submitted to the jury the question of whether, at the point where the

cow got on the track, defendant had depot grounds, where passengers got on and off trains, or where freight was loaded or unloaded, and whether it was necessary for the convenience and safe transportation of the business of the defendant and the accommodation of the public, to leave the track unfenced at that point; telling the jury if these facts were found, defendant was not liable. As said, there was no evidence defendant had a depot or station at the point where the cow got on the track and was hurt. Logs were loaded there and freight and passengers deposited, as they were anywhere on the line, the whole of which was unfenced. The only exception to the statutory duty of railway companies to fence, under penalty of double damages if they do not, which needs attention in the present case, is the one excusing them from fencing when it is necessary to leave their tracks open in the vicinity of stations for the purposes stated in the instruction supra. There is no exemption from the duty to fence on the plea of necessity for an open track, elsewhere than in the vicinity of a station. [Morris v. Railway, 58 Mo. 78.] And only when the track was open near a station does it become a question for the jury whether the railway company was bound to fence or the necessities of traffic relieved it of the duty. [Russel v. Railway, 26 Mo. App. 368; Schafer v. Railway, 144 Mo. 170; Smith v. Railroad, 111 Mo. App. 410, 416; McGuire v. Railway, 113 Mo. App. 79, 82; Morris v. Railway, 58 Mo. 78.] Two decisions of this court to the contrary, namely, Wright v. Railway, 56 Mo. App. 363 and Schafer v. Railway, 65 Mo. App. 201, were discredited by the Supreme Court in a decision in the latter case, upon a transfer to that tribunal. [Schafer v. Railway, 144 Mo. 170, 174.] The theory that a railway company may leave its entire line unfenced where it runs through the country and not be liable for twice the value of stock killed on the line, simply because it is convenient to receive passengers and freight anywhere and everywhere

instead of at regular stations, finds no sanction in the reported cases. Neither does the theory that a jury may decide it was necessary to leave the track open at points away from the vicinity of depots and stations. No authority with which we are familiar would make the point where plaintiff's cow was killed, either a depot or station, for there was no building there, and no agent, and freight and passengers were not received or discharged more than at other points along the line. Hence the court did not err in refusing the instruction asked by defendant.

It is insisted error was committed in the instruction granted at plaintiff's request, and which stated the facts that would authorize a verdict in his favor, in speaking of the train having "cut off the hind leg of the cow," whereas the evidence proved the leg was not cut off but only broken so the bone protruded. This discrepancy between the instruction and the testimony is immaterial; for the uniform testimony and the instruction related to the value of the cow in the condition she was immediately after the accident as compared with her previous condition. If they found the issues for the plaintiff, the jury were told to allow such damages as they believed from the evidence was the difference between the value of the cow before and after the injury. The verdict ought not to be reversed on this ground.

A further point is made that the instruction granted at plaintiff's request left to the jury to say whether defendant had constructed a lawful fence along the side of its road, whereas the statement filed before the justice of the peace alleged, "defendant failed and neglected to keep and maintain a lawful fence along the side of its road." The instruction is said to have submitted an issue different from that formed by the pleadings. Defendant had neither constructed nor maintained fences, and this variation in the use of language was immaterial and was waived by the defendant not seek-

ing to take advantage of it according to the provisions of section 655, Revised Statutes 1899 (sec. 655, Mo. Ann. St. 1906).

The judgment will be affirmed. All concur.