STATE ex rel. NED SWARTHOUT, Relator, v. COUNTY COURT OF CASS COUNTY, Respondents.

Kansas City Court of Appeals, May 27, 1912.

COURTS: Judgments: Courts of Appeals: Res Adjudicata. Where an issue has been decided by one of the Courts of Appeals, and afterwards is certified to the Supreme Court, under section 6 of Amendments to Constitution (R. S. 1909, p. 101) because of difference of opinion of another of the Courts of Appeals, such decision is not an adjudication of such issue thereafter arising in a case between the same parties.

Mandamus.

PEREMPTORY WRIT DENIED.

*F. V. Kander* and *John A. Davis* for relator.

*J. S. Brierly* and *Charles W. Sloan* for respondents.

PER CURIAM.—Relator by proper petition seeks to have this court, by its writ of mandamus, compel the county court of Cass county to grant him a license to keep a dramshop in that county.

It appears that at an election held in that county in 1907, the Local Option Law as to the sale of intoxicating liquors, was adopted. Shortly after its adoption, the same party now seeking to compel the county court to issue him a license, conceived the law not to be legally adopted and therefore applied to the county court for a license as a dramshop keeper. That court refused the license on the ground that the election was valid and therefore a license was forbidden. He then came to this court, alleging the election to be void and asking that we issue a writ against the county court commanding it to grant him the license. This court heard the cause, adjudged the local option election to be void, and rendered a judgment in his favor, and issued a writ commanding the court to grant him a license, which was done. The opinion in the case will be found reported under the title State ex rel. Wirt v. Cass County Court, 137 Mo. App. 698; Wirt's case and this relator's having been consolidated and heard as one. And a like opinion of the St. Louis Court of Appeals will be found in State ex rel. v. Mitchell, 115 S. W. 1098, approved in State ex rel. v. Mitchell, 139 Mo. App. 38.

The facts of the case and the reasons for our conclusions are there set out in full and need not be restated. Afterwards, a case arose in Newton county involving the same facts and conditions which appeared in the case upon which we acted. On appeal to the Springfield Court of Appeals, a view was taken

directly opposed to that of the St. Louis Court of Appeals and of this court (State v. Jaeger, 157 Mo. App. 328), in which the election in Newton county was held valid, in opinions by Special Judge MANN and Presiding Judge NIXON. The case was certified to the Supreme Court for final decision, and that court adopted the views and the opinion of Judge MANN, thus overruling the views expressed by the St. Louis Court of Appeals and this court. [State v. Jaeger, —— Mo. ——, 144 S. W. 103.]

After the decision in this court, the relator obtained licenses from time to time, as they expired, until now, in the present application, the county court has concluded, in view of the decision of the Supreme Court, that the local option election was valid, notwithstanding the decision of this court in the case above mentioned, and that therefore a license should be refused. In this we think the county court was clearly right. If, in the opinion of either of the courts of appeals, such court has rendered an opinion contrary to that of one of the other courts of appeals, it becomes its duty. to certify the case to the Supreme Court, and that court's decision thereon is final and controlling. [Bank v. Woesten, 144 Mo. 407; Schafer v. Ry. Co., 144 Mo. 170; Wilden v. McAllister, 178 Mo. 732; Rodgers v. Ins. Co., 186 Mo. 248; Houck v. Waterworks & E. L. Co., 215 Mo. 475, 478.]

But relator insists that the matter of the invalidity of the local option election in Cass county, was finally decided by this court, and that it became *res adjudicata,* if again questioned. We do not agree to this. Certainly that case determined that he should get the license and would have protected him against prosecution during the life of the license. If any right had been determined and vested in relator by the former decision, he could forever after lay claim to it.

It would have become a matter finally adjudicated. But that claim cannot be made in a case of this kind.

The last decision of the Supreme Court is very properly made controlling in subsequent cases in the courts of appeals involving like questions. [Sec. 6 of Amendments to Constitution, adopted in 1884 (p. 101, R. S. 1909), and other authorities cited in respondents' brief.]

And it has been decided that a prior decision of one of the courts of appeals, in a case in which it has jurisdiction, is not *res adjudicata* even in the same case in the Supreme Court. [Hennessy v. Bavarian Brewing Co., 145 Mo. 104; Paddock v. Ry. Co., 155 Mo. 524; Sedalia to use v. Donohue, 190 Mo. 407.] So, therefore, if this case had been instituted in the Supreme Court, that court would not have been bound by our decision in the former case. If it would not have been binding on that court, it necessarily cannot be conclusively binding on this court. And therefore we find ourselves confronted with the constitutional command to conform our decisions to the last previous ruling of the Supreme Court involving like questions. [Sec. 6 of Amendments to Constitution, p. 101, R. S. 1909.]

A peremptory writ will be denied.