SEABOARD NATIONAL BANK, *Appellant*, v. WOESTEN *et al.*

In Banc, June 7, 1898.

1. **Appellate Jurisdiction:** UNANIMOUS OPINION OF COURT OF APPEALS. When a court of appeals certifies that its unanimous decision is not, in its opinion, in harmony with the last previous rulings of the Supreme Court, it is but saying that it declines to follow the decision of this court, and this court can not in that way obtain jurisdiction of an appeal. Nor is the jurisdiction aided because the court of appeals does not "see its way clearly to a reconciliation" of two opinions of this court.

2. ———: ———: "LAST PREVIOUS RULINGS." It is for the court of appeals to determine which decision of this court it regards as its last previous ruling upon the question before it.

3. ———: ———: HARMONIZING OPINIONS. The Constitution does not confer on a court of appeals the duty of requiring this court to harmonize its decisions.

*Transferred from St. Louis Court of Appeals.*

REMANDED TO ST. LOUIS COURT OF APPEALS.

*Boyle, Priest & Lehmann* for appellant.

*Hiram J. Grover* and *Dennis Devoy* for respondents.

GANTT, C. J.—The record in this cause has been transmitted to this court by the St. Louis Court of

Appeals by the following order of said court, made in January, 1897: "The court having duly heard and considered the said appellant's motion to transfer this cause to the Supreme Court, doth consider and adjudge that the same be overruled. But this court is of opinion that its decision in the case at bar *is not in harmony* with the decision of the Supreme Court in *Barber Asphalt Co. v. Ullman,* recently decided; it is therefore ordered that this cause be certified to the Supreme Court for final hearing and determination and that until such final hearing and determination is had, all further proceedings herein be stayed. Opinion filed."

In the opinion filed, the learned judge of the St. Louis Court of Appeals who prepared that opinion, after referring to the opinion of this court in *Barber Asphalt Co. v. Ullman,* 137 Mo. 543, says: "In view of that *holding we are in doubt,* whether the opinion filed by us in the case at bar is in harmony with the last controlling decision of the Supreme Court, since we do not see our way clearly to a reconciliation of the views entertained by a majority of the Supreme Court in the *Verdin* case with the views expressed by a majority of that court in the *Ullman* case. Under these circumstances we best fulfill our constitutional duty by certifying the cause to the Supreme Court, so that it may upon inspection of the record and our opinion herein determine whether such opinion is or is not in harmony with its *last* controlling decision."

This court and the St. Louis Court of Appeals derive their jurisdiction to hear and determine causes from the Constitution of Missouri and the amendments thereto. Neither may trench upon the authority conferred upon the other. While this court may by means of certain writs, superintend all other courts in the State to insure their obedience to the Constitution,

no authority is given to it to hear and determine in the first instance appeals in cases which the Constitution requires the St. Louis Court of Appeals to hear and determine, and should we do so we would be guilty of usurping powers not delegated to us. In certain specific cases and under certain contingencies the St. Louis Court of Appeals is required to certify appeals to this court, which have been properly certified to it in the first instance. The conditions precedent essential to the transfer of an appeal to this court by the court of appeals are found in section 6 of the amendment to the Constitution of Missouri adopted at the general election held on Tuesday next following the first Monday in November, 1884. R. S. 1889, pp. 87 and 88. When a judge of any one of the courts of appeals deems an opinion of such court contrary to a previous decision of any one of said courts, or of the Supreme Court, said court of appeals is required to certify the cause to this court, and "the last previous rulings of the Supreme Court on any question of law or equity shall in all cases be controlling authority in said courts of appeals." Reading the whole section together we do not think it can be questioned that each court of appeals is bound to follow as controlling authority the last decision of this court. When therefore one of said courts certifies that its unanimous opinion and judgment, *in its opinion*, is not in harmony with a last controlling decision of this court, it is but saying that it declines to follow the decision of this court. Nor is the refusal to be bound by the decision of this court less marked because that court certifies the case to this court for our judgment on the question. No provision is made for taking the opinion of this court in that way. It is only upon a division of opinion in the appellate court that it can certify the cause to this court. When that court unanimously concurs in its

interpretation of a decision of this court but one alternative remains, and that is, to follow it. If on the other hand it deems any decision of this court not applicable to the facts before it, in judgment, the mere fact that such decision of this court is *later in date*, and is *cited* as controlling authority, will not prevent that court from judicially determining which decision it regards as *the last upon the question presented in their record*. Indeed they are required to do so, and can not evade that responsibility by sending it to this court to correct what the court of appeals may deem conflicting opinions of this court. However desirable such a practice may be the Constitution does not confer the right, or impose the duty on the courts of appeals to thus require this court to harmonize its decisions, nor does it confer jurisdiction on this court to hear a cause under such circumstances. Both divisions of this court have so recently passed upon this question that it is deemed superfluous to add anything further. *Schafer v. Railroad*, 144 Mo. 170; *Smith v. Railroad*, 143 Mo. 33.

Accordingly it is ordered that this cause be remanded to the St. Louis Court of Appeals for want of jurisdiction in this court to hear and determine the same. BURGESS, ROBINSON, BRACE and WILLIAMS, JJ., concur. SHERWOOD and MARSHALL, JJ., dissent.