MEDORA JENNINGS, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, February 15, 1904.

1. **APPELLATE PRACTICE:** Motion for New Trial: Instruction. To secure a review of a trial court's action in giving an instruction, attention must be called thereto in the motion for a new trial.

2. **MUNICIPAL CORPORATIONS:** Defective Sidewalk: Contributory Negligence: Scienter. The traveller may use an open highway though it is known to be in a defective condition; but must do so with care and his knowledge of the defect may be considered in passing upon his care.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

AFFIRMED.

*L. E. Durham, R. J. Ingraham* and *J. W. Garner* for appellant.

(1) The court should have granted the instruction in the nature of a demurrer to the evidence asked by appellant at the conclusion of respondent's evidence. Cohn v. City of Kansas, 108 Mo. 387; Village of Kewanee, 80 Ill. 119; Cressy v. Town of Postville, 59 Iowa 62; Chicago v. Bixby, 84 Ill. 32; Huntingburgh v. First, 15 Ind. App. 557; Erie v. McGill, 101 Pa. 6; Dur-

kin v. Troy, 61 Barb. 437; Centralia v. Krouse, 64 Ill. 19; Breland v. Kansas City, 32 Mo. App. 8; Foster v. Swope, 41 Mo. App. 146.    (2)   The court should have given instruction No. 9 asked by appellant.   Cohn v. Kansas City, 108 Mo. 387.

*Wade & Wade* for respondent.

(1)   This court will not consider appellant's first and third assignments of error, to-wit: the trial court's refusal to grant instructions offered by it, because it is not specified as one of the grounds of defendant's motion for new trial that the court erred in refusing proper and legal instructions offered by defendant, and the trial court's attention was not called to the matter.   Brown v. Mays, 80 Mo. App. 81; State v. Headrick, 149 Mo. 404; Roberts v. Boulton, 56 Mo. App. 405; State v. Nelson, 101 Mo. 477.   (2)   There was ample evidence on which to let the case go to the jury and hence defendant's instruction in the nature of a demurrer to the evidence was properly refused.

BROADDUS, J.—This is a suit brought by the respondent against the appellant in which she seeks to recover damages from the appellant for injuries claimed to have been received by her while walking along the sidewalk on the south side of Twenty-sixth street, between Garfield avenue and Brooklyn avenue, at a place or point about eighty feet east of the east side of Garfield avenue and on the south side of Twenty-sixth street.   The sidewalk is alleged to have become insecure and unsafe and dangerous for the public and for persons passing along and using the same, in this, that the boards or planks were permitted to become loose and unfastened and the stringers beneath them to become decayed at the point aforesaid.   That such unsafe and dangerous condition existed on the nineteenth day of

November, 1901, and had existed for a long time prior thereto. That the appellant had actual notice, or by the exercise of reasonable care and caution, could have had notice of such condition. That when respondent stepped on a loose and unfastened board, the board failed to sustain her weight and gave way, on account of its loose and unfastened condition and the decaying condition of the stringers beneath it; that the north end of said board suddenly and unexpectedly gave way and went down beneath her feet and the south end flew up, causing plaintiff's feet to go down through the hole in the said sidewalk made by said board giving way, thereby suddenly throwing plaintiff down and inflicting serious injuries upon her, for which she asks damages in the sum of $12,000.

The plaintiff's testimony tended to sustain the allegations of her petition. She testified that she had passed along the street many times previous to her injury, but she usually walked in the street and not on the sidewalk. She gave as her reason for doing so that she could walk better in the street and that it was habitual with her. While some of the evidence disclosed that the loose condition of the sidewalk was plainly visible, some of the witnesses stated that in passing over the walk they discovered no defects.

The jury returned a verdict in favor of the plaintiff for $3,500. The appellant urges two grounds for reversal, viz.:

That the court erred in refusing to give defendant's instruction in the nature of a demurrer to the plaintiff's evidence; and in refusing to give instruction number 9 asked by defendant.

The last objection we can not consider as the alleged error was not called to the attention of the court in defendant's motion for a new trial.

As to the first objection, the contention is that as the defect in the sidewalk was obvious and dangerous,

the dangerous place could easily have been avoided by plaintiff by passing around it, or taking another side. That she was wanting in due care, and therefore it was the duty of the court to so declare as a matter of law. If the facts justify defendant's position then its contention must be sustained.   Cohn v. Kansas City, 108 Mo. 387.

The evidence disclosed that the defects in the sidewalk were not so obviously dangerous as would prevent a person of ordinary prudence from undertaking to pass over it.   The books contain many cases where recovery for injuries has been sustained on walks in like condition.   And it is well-settled law: "A person is not bound to abandon the use of a highway open to the public for the simple reason that it is known to him to be out of repair or in a defective condition.   The duty, however, is imposed upon the traveler to use ordinary care to avoid the defect, and knowledge on his part that the street is out of repair is a circumstance to go to the jury in determining the question whether he did use such care."   Cohn v. Kansas City, supra; Phelps v. Salisbury, 161 Mo. 1.   Affirmed.   All concur.