LOUIS HOUCK et al., Appellants, v. CAPE GIRARDEAU WATERWORKS AND ELECTRIC LIGHT COMPANY.

Division One, December 23, 1908.

APPELLATE JURISDICTION: Transfer to Supreme Court: All Judges Concurring. Where all the judges of the Court of Appeals agree to a decision which they say is in conflict with the last previous ruling of the Supreme Court, the case should not be transferred to the Supreme Court, on the theory that the last previous decision was in conflict with a prior decision of the Supreme Court which was not overruled by the later one. The Supreme Court does not by such transfer acquire jurisdiction. The Court of Appeals cannot compel the Supreme Court to harmonize its opinions by raising the question of conflict itself and then certifying it to the Supreme Court for determination. The duty of the Court of Appeals is to follow the last previous decision of the Supreme Court, even though all of its judges consider that decision in effect though not expressly overruled a prior decision of the same court.

Transferred from St. Louis Court of Appeals.

REMANDED TO ST. LOUIS COURT OF APPEALS.

*Giboney Houck* for appellants.

*Wilson & Dempsey* for respondent.

GRAVES, J.—We shall not go into the merits of this case. The case reaches us from the St. Louis Court of Appeals. The *per curiam* opinion by which it reaches us reads:

"Appellant insists that this case ought to be certified to the Supreme Court because our decision is in conflict with the decision of that tribunal in Crone v. Stinde, 156 Mo. 262. The facts of this case, as stated

in the petition, so greatly resemble those in Howsmon v. Water Co., 119 Mo. 304, that we felt controlled by the decision of the Supreme Court in the latter case; but it looks like the principle on which the Howsmon case was decided was disregarded in the later case of Crone v. Stinde, and all the judges of this court deem the decision of the present case opposed to the logical deduction to be drawn from the decision of the Supreme Court in Crone v. Stinde. Now, in Railroad v. Lowder, 59 Mo. App. 3, an opinion was delivered in which all the judges of this court concurred; but all of them deemed that decision opposed to the principle of a previous decision of the Supreme Court and therefore certified it to the Supreme Court for final decision. That court, on such certificate, entertained jurisdiction of the cause and decided it. Its decision is reported in 138 Mo. 533. If a case may be certified from this court to the Supreme Court under such circumstances, and it seems from the decision of the Lowder case that it may, we deem it highly important that the present case should go there for final decision inasmuch as it is argued that the rule of decision adopted in Crone v. Stinde is opposed to the rule of decision followed in the Howsmon case and, therefore, the latter is no longer sound law in this State. It is ordered that this cause be certified to the Supreme Court, as the judges of this court deem it opposed to the reasoning of the opinion and the principle of the decision in Crone v. Stinde. They follow the Howsmon decision as exactly in point on identical facts and a controlling authority, noticed but not overruled or condemned, in the Crone case.''

The constitutional provision as to certifying cases from the Courts of Appeals to this court, reads: ''When any one of said Courts of Appeals shall in any cause or proceeding render a decision which any one of the judges therein sitting shall deem contrary to any previous decision of any one of said Courts of

Appeals, or of the Supreme Court, the said Court of Appeals must, of its own motion, pending the same term and not afterwards, certify and transfer said cause or proceeding and the original transcript therein to the Supreme Court, and thereupon the Supreme Court must rehear and determine said cause or proceeding, as in case of jurisdiction obtained by ordinary appellate process; and the last previous rulings of the Supreme Court on any question of law or equity shall, in all cases, be controlling authority in said Courts of Appeals.''

It will be noticed that this section of the Constitution says, ''And the last previous rulings of the Supreme Court on any question of law or equity shall, in all cases, be controlling authority in said Courts of Appeals.'' In the opinion by which the case is certified here it is agreed by all the judges of the St. Louis Court of Appeals that their opinion is opposed to the views of this court in Crone v. Stinde, 156 Mo. 262. They also say they followed the earlier case of Howsmon v. Water Co., 119 Mo. 304. There is no purpose expressed in the constitutional provision authorizing the Courts of Appeals to compel this court to harmonize its opinions, by raising the question in the Courts of Appeals, and then certifying it here for determination. In substance, that is what is done here.

Nor does it follow that a previous opinion of this court has not been overruled, because not specifically so stated in a later opinion. The Supreme Court of the United States often recedes from positions taken in previous cases, but you rarely see where one has been overruled in express terms. By this discussion, we do not want to be understood as indicating that the Crone v. Stinde case overrules the earlier case of Howsmon v. Water Co. That question is one for the Court of Appeals to determine. If it does in fact or in effect overrule the previous case, and is itself that last expression of this court upon the subject, then the duty

of the Court of Appeals is clearly marked out by the Constitution. [Seabord National Bank v. Woesten, 144 Mo. 407.]

The learned judges of the Court of Appeals, as indicated by the words of their opinion, evidently entertained some doubt of their right to send the case here, but cite us to the case of Railroad v. Lowder, 59 Mo. App. 3, and the same case in 138 Mo. 533. The Lowder case came here upon a certificate very similar to the case at bar, and it is true that we assumed jurisdiction and determined the case. In so doing the question of our right to assume jurisdiction was not discussed. It was discussed later in the case of Bank v. Woesten, supra.

To our mind it is clear that the Constitution imposes upon the Courts of Appeals the duty to determine for itself "the last previous rulings of the Supreme Court" and when it so determines, the further constitutional mandate is clear.

Upon the certificate before us we shall not assume jurisdiction in this case, but will transfer it back to the St. Louis Court of Appeals, without expression of opinion upon the merits of the question raised by the certificate bringing the cause here.

It is therefore ordered that this cause be sent back to the St. Louis Court of Appeals for final disposition.

All concur.