CHARLES J. HEINZ, Respondent, v. UNITED RAIL-
WAYS COMPANY, of St. Louis, Appellant.

St. Louis Court of Appeals, November 2, 1909.

1. **CARRIERS OF PASSENGERS: Street Railways: Motorman's
Duty When Passenger is Alighting.**   When a passenger is
alighting from a car at the front end, under the motorman's
eyes, it is incumbent on the latter to allow the former to alight
and not to start the car while he is doing so.

2. ————: ————: **Passenger Alighting While Car is in Motion.**
If a passenger attempts to get off the car while it is in motion,
but slowing down, and falls as he does so, without any careless
increase of the car's speed, there is no case against the carrier.

3. **APPELLATE PRACTICE: Verdict on Conflicting Evidence
will not be Disturbed.**   The appellate court will not deny a re-
covery for plaintiff on the ground of lack of evidence to support
the case stated in the petition, where to do so would result in
ignoring plaintiff's own testimony and that of other witnesses
who corroborated him, more or less.

4. **DAMAGES: Instructions: Failure to Limit Damages to
Amount Demanded in Petition.**   In an action for personal in-
juries, where the petition alleged plaintiff lost two weeks' time
at $2.50 per day and had incurred an expense of $50 for doctor's
services, an instruction on the measure of damages which told
the jury to assess damages for any loss of earnings they might
believe had been occasioned by the injuries and the reasonable
expense, if any, incurred for medical treatment, is erroneous, in
that it does not limit the recovery on these two items to the
amount charged in the petition to have been sustained in conse-
quence thereof.

Appeal from St. Louis City Circuit Court.—*Hon. Moses
N. Sale,* Judge.

REVERSED AND REMANDED.

*Boyle & Priest, F. S. Whitelaw* and *T. E. Francis* for appellant.

Plaintiff's second instruction is erroneous, because it does not limit plaintiff's recovery for the items of damage, medical attention and loss of earnings to the respective amounts demanded therefor in his petition. Smoot v. Kansas City, 194 Mo. 522; Tirkle v. Railroad, 212 Mo. 445.

*Blevins & Jamison* for respondent.

The instruction was correct both in form and as to substance. Lindsay v. Kansas City, 195 Mo. 167; Tardy v. Transit Co., 178 Mo. 240; Stafford v. Adams, 113 Mo. App. 717; Chenoweth v. Southerland, 129 Mo. App. 431; Stotler v. Railroad, 200 Mo. 140; Campbell v. City of Stanbury, 105 Mo. App. 65; Devoy v. Transit Co., 192 Mo. 207. The instruction was correct as far as it went. Browning v. Railroad, 124 Mo. App. 71; Matthews v. Railroad, 142 Mo. 666; Wheeler v. Bowles, 163 Mo. 398; Geisman v. Elec. Co., 173 Mo. 679; Parman v. Kansas City, 105 Mo. App. 691; Haymaker v. Adams, 61 Mo. App. 581; Waddell v. Railroad, 213 Mo. 18.

GOODE, J.—This plaintiff was hurt December 5, 1907, in a fall from one of defendant's trolley cars. The exact point where the accident occurred is in dispute, but it was somewhere about the intersection of Hickory street and Jefferson avenue, in the city of St. Louis. Jefferson avenue is a north and south thoroughfare and Hickory street an east and west one. Where the two streets intersect there is a jog in Hickory, its intersection with the east line of Jefferson avenue being some fifty feet south of where it opens into Jefferson on the west side of the latter thoroughfare. Plaintiff lived on

west Hickory street, but the evidence for him is that he attempted to alight at the northeast corner of east Hickory street and Jefferson avenue and was just at said spot. Plaintiff and three other men who had been attending a lodge meeting in the southern part of the city, boarded a north bound Jefferson street car at Arsenal street and traveled northward. When they passed Rutger street, which is the first one crossing Jefferson south of east Hickory, plaintiff rang the bell for a stop at east Hickory, and as the car drew near that crossing the conductor also rang a bell signalling the motorman to stop. Plaintiff went out of the car through the front door, stepped down to the lower step, the car being at that time still moving, but at the speed of a slow walk, and just as plaintiff attempted to put his foot on the ground in his descent from the steps, the speed of the car was accelerated by a sudden movement forward as though the motorman had released the air which held the brakes. Plaintiff was thrown to the street, his nose broken, his tongue cut and he was dazed and otherwise injured. Testimony for the defense, as given by the motorman and conductor, is that instead of plaintiff alighting at the intersection of east Hickory and Jefferson, the car had passed east Hickory and was about half way between it and west Hickory and in the act of slowing down at the latter street to allow plaintiff to alight, when he stepped off the car and fell to the ground. It is apparent the evidence is contradictory as to the cause of the accident. Plaintiff's averments of negligence related to the sudden acceleration of the speed of the car as he was in the act of getting off; and the testimony for him would suffice to prove this occurred, thereby proving his injury was due to the negligence of the motorman, inasmuch as he was getting off of the front of the car under the motorman's eyes. Of course, it was incumbent on the motorman to allow him to alight and not to start the car as he was in the act of doing so. On the contrary, if plaintiff

attempted to get off while the car was in motion, but slowing down, and fell as he did so without any careless increase of the car's speed, no case was made against defendant. We are urged to deny a recovery on the ground of lack of evidence to support the case stated in the petition. This cannot be done without ignoring as worthless plaintiff's own testimony and that of other witnesses who corroborated him more or less. Whether any inconsistencies or discrepancies occurred in the testimony for plaintiff, was for the jury to say.

The only other exception which need be noticed is the instruction on the measure of damages. It should be stated, by way of premise, the petition alleged plaintiff lost two weeks' time and his earnings of $2.50 a day during that period; that his injuries were treated by a physician and on account of the services of the latter plaintiff had become indebted to him for the reasonable value of the treatment, to-wit, $50. The instruction on the measure of damages told the jury to assess damages for any loss of earnings the jury might believe had been occasioned by the injuries and the reasonable expense, if any, he had incurred for medical treatment. The exception to the instruction is based on failure to limit recovery for loss of earnings and medical services corresponding to the damages charged in the petition to have been sustained in consequence of those items. We do not see how, in the face of the decisions of the Supreme Court in Smoot v. Kansas City, 194 Mo. 513, 522, and Tinkle v. Railroad, 212 Mo. 445, 471, a reversal of the judgment on account of the instruction on the measure of damages can be escaped. In the first of those cases the Supreme Court condemned as erroneous an instruction which did not limit plaintiff's amount of recovery for loss of time to the amount claimed in his petition, and in the second case it was said a similar instruction ought to be corrected on the second trial. The decisions of

Tandy v. Transit Co., 178 Mo. 240, and Lindsay v. Kansas City, 195 Mo. 167, relied on by plaintiff, are not in point. In those cases there was testimony tending to prove the injured party would sustain loss of time in the future—that is, after the filing of the petition and even after trial; and for this reason it was held instructions on the measure of damages which did not limit recovery to the loss of time alleged in the petition were not erroneous, since that allegation covered only time lost up to the day the petition was filed. But in the present case whatever time plaintiff lost and whatever expense he was put to for treatment by a physician, had all been lost and incurred prior to the filing of the suit. He testified he had lost two weeks' time from work as alleged in the petition and had incurred a doctor's bill of fifty dollars. There was no chance then for other damages to accrue on account of those items continuing to entail damage after the case had been begun. The point falls within the scope of the decisions of the Supreme Court first cited, and the judgment must be reversed and the cause remanded for new trial. All concur.