## THOMAS SHINN, Respondent, v. UNITED RAILWAYS COMPANY, of St. Louis, Appellant.

**St. Louis Court of Appeals, February 1, 1910.**

1. **DAMAGES: Instruction: Failure to Limit Damages.** In an action for personal injuries, an instruction on the measure of damages which does not limit the recovery for the different items of damages to the amounts respectively demanded therefor in the petition is erroneous.

2. **COURT OF APPEALS: Duty to Follow Last Controlling Decision of Supreme Court.** Under Section 6 of the Amendment to the Constitution of Missouri, adopted November, 1884, it is the duty of the Court of ·Appeals to follow the last previous ruling of the Supreme Court on any given question, in every instance where the ruling of that court is in point.

3. **DAMAGES: Instruction: Failure to Limit Damages: Effect of Failure to Ask Limiting Instruction.** In an action for personal injuries, the failure of plaintiff's instruction on the measure of damages to confine the award on each item of damages to the amount demanded therefor in the petition is an error of misdirection and not of non-direction, and hence the error was not waived by the failure of defendant to request an instruction properly limiting the amount of recovery on such items of damages.

4. **PLEADING: Confining Recovery.** Parties are bound by relevant matter averred in their pleadings, and a recovery by plaintiff must be confined within the allegations of the petition.

5. **APPELLATE PRACTICE: Presentation of Error to Trial Court: Clerical Error in Numbering Instructions.** The court gave three instructions requested for plaintiff, the third of which was erroneous. Nine instructions were given in all, three for plaintiff, three for defendant, and three by the court of its own motion. Plaintiff's third instruction was for convenience numbered 8 in the list as given by the court, and defendant's motion for a new trial referred to it as "Plaintiff's No. 3." *Held*, that such reference sufficiently pointed out to the trial court the instruction objected to so as to justify a review thereof on appeal.

Shinn v. Railroad.

Dissenting Opinion by Reynolds, P. J.

6. **ACTIONS: Personal Injuries: Nature of Action.** An action for damages for personal injuries sustained is an action for the recovery of money, and the jury may render a general verdict only.

7. **DAMAGES: Instructions: Failure to Limit Damages.** In an action for personal injuries, an instruction on the measure of damages which does not limit the recovery on each item of damages to the amount demanded therefor in the petition is not erroneous.

8. **———: ———: ———: Effect of Failure to Ask Limiting Instruction.** The error of such an instruction, if any, would be one of non-direction, and hence would be waived by the failure of defendant to ask a corrective instruction on the measure of damages.

9. **COURT OF APPEALS: Controlling Decision of Supreme Court: What is.** The fact that a decision of the Supreme Court, which is cited as a controlling authority, is later in date than other decisions will not prevent the Court of Appeals from determining which decision is the last upon the question presented in the record before it; and that decision in which the identical point presented in the Court of Appeals was presented for consideration to, and adjudicated by, the Supreme Court will be treated as the last controlling decision on that point.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule,* Judge.

REVERSED AND REMANDED, AND CERTIFIED TO SUPREME COURT.

*Boyle & Priest, Morton Jourdan, Robt. E. Moloney* and *T. E. Francis* for appellant.

*John T. Fitzsimmons* and *Johnson, Houts, Marlatt & Hawes* for respondent.

NORTONI, J.—This is a suit for damages accrued to plaintiff through the alleged negligence of defendant in operating its street car. Plaintiff recovered and defendant appeals. It appears the plaintiff was in the act of boarding one of defendant's cars at a usual stopping place when the car was started suddenly and

he was precipitated to the ground and injured. The negligence relied upon for a recovery is that defendant breached its obligation to exercise a high degree of care for plaintiff's safety by suddenly starting the car without warning while he was in the act of boarding the same.

The evidence tended to support the allegation referred to. On appeal it is argued that the court erred in giving an instruction pertaining to the measure of damages in that it failed to limit the amounts therein which plaintiff was entitled to recover under the allegations of his petition. Besides alleging his injuries and that plaintiff suffered great pain of body and mind therefrom, the petition particularly specifies that he had been thereby disabled from laboring at his avocation as a bartender for a period of two months and thus incurred a loss of time from his means of livelihood and consequent wages amounting to $156. It alleges too that he incurred and paid medical expenses amounting to $30; that his suit of clothes and hat, of the reasonable value of $40, were destroyed as a result of being thrown upon the ground and dragged upon the street. The petition concludes with a general prayer for damages to the amount of $500. The evidence tended to prove the various items of damage specified. The instruction on the measure of damages given by the court at the plaintiff's instance and request incorporates and authorizes the jury to award damages to the plaintiff in event they found the issue for him on each and all of the elements of damage specified in the petition and above referred to, but wholly fails to direct the jury that they should limit the amount of recovery on each element of damages specified to the amount sued for in the petition. The instruction is as follows:

"The court instructs you, gentlemen of the jury, that if you find for the plaintiff, you should in estimating his damages, consider his physical condition be-

fore and after receiving the injuries for which he sues as shown by the evidence, the physical pain and mental anguish, if any, suffered by him on account of his injuries at the time of and since such injuries, as shown by the evidence to have been caused by the injuries then and there received; the extent, if any, to which he has been prevented and disabled by reason of such injuries from working and earning a livelihood for himself at his regular employment as a bartender; his necessary expenses for medical attention in endeavoring to be cured; his loss by reason of damage, if any, to his wearing apparel, as a result of the falling or being thrown from defendant's car; and you may find for him such sum, as in the judgment of the jury, under all the evidence in the case, will compensate him for the injuries then and there received, if any, wages or earnings lost, necessary expenses incurred, and damage to wearing apparel suffered, not, however, exceeding the sum of five hundred dollars."

No other instruction on the measure of damages was requested by either party or given by the court. It is argued here that this instruction falls within the rule announced in the case of Heinz v. United Railways Co., 143 Mo. App. 38, 122 S. W. 346, recently decided by this court, and that the judgment should be reversed for the reason that it permitted the jury to award a recovery for plaintiff on each and all of the elements of damage specified therein over and beyond the amount claimed on the particular specification or element of damage in the petition. In other words, it is argued the instruction is deficient in not directing the jury to confine their award of compensation, if any, to an amount not exceeding $156 for loss of time, $30 for medical expenses and $40 for the loss of his clothing and hat. Upon examining the pleadings and proof, we are persuaded the argument is sound. There is nothing whatever in either the petition or the proof

146 App.—46

tending to aid the matter from the plaintiff's standpoint, as there was in the case of Lindsay v. Kansas City, 195 Mo. 166, 93 S. W. 273, and it appears the judgment should be reversed and the cause remanded for the same reasons as heretofore given in the case of Heinz v. United Railways Company, 143 Mo. App. 38, 122 S. W. 346. However, the plaintiff directs an argument against the rule announced in Heinz v. United Railways Company, supra, and says that in that case this court misinterpreted the case of Smoot v. Kansas City, 194 Mo. 513, 92 S. W. 363. It is said, too, that the ruling of this court given in the Heinz case is in conflict with the more recent decision of the Supreme Court in Lindsay v. Kansas City, 195 Mo. 166, 93 S. W. 273. In view of those suggestions, we deem it proper to again review those cases and more explicitly set forth our reasons for the judgment given in the case of Heinz v. United Railways Company, supra.

In the first place, the Constitution of Missouri commands that the last previous ruling of the Supreme Court on any question of law or equity shall in all cases be the controlling authority in the courts of appeals. See Sec. 6, Constitutional Amendment adopted in November, 1884. Now, we understand it to be our duty, under this constitutional mandate, to follow the last previous ruling of the Supreme Court on any given question in every instance where the ruling of the Supreme Court is in point. Believing this to be our duty, all of the members of the court concurred in the opinion prepared by Judge GOODE and delivered in Heinz v. United Railways Company, 143 Mo. App. 38, 122 S. W. 346. The court adheres to that ruling. We believe it to be a correct interpretation of the opinions of the Supreme Court therein referred to and an accurate application of the principle announced. It is now said that the Heinz case did not properly interpret Smoot v. Kansas City, 194 Mo. 513, 92 S. W. 363, as the chief question discussed in the Smoot case related to the propriety of a

remittitur. We do not so understand that case. It is true that much of the opinion in the Smoot case is devoted to the discussion as to whether or not the error contained in the instruction could be cured by a remittitur, but this was a secondary matter only as the fact which moved this discussion was the error in the instruction theretofore considered. The court first examined the instruction and denounced it as reversible error for the reason, among others, that it failed to limit the recovery for loss of time from the means of livelihood to the amount claimed on that score in the petition.

After having pointed out this infirmity in the instruction and denounced it as error, the court then examined and treated with the question as to whether or not it was competent to alleviate the baneful influence of the instruction in the case by ordering a remittitur of an amount equivalent to that which the award of damages had been enhanced by the failure of the instruction to properly limit the amount of the recovery.

Upon full consideration of this question, the court declared it to be impossible to ascertain how much beyond the amount sued for on this score the award of damage by the jury had been inflated, and, therefore, a remittitur could not rectify the evil entailed by the error contained in the instruction. The judgment was therefore reversed because the error of the instruction was so vital as to render it incurable by remittitur. From a study of the report of the Smoot case, it appears the plaintiff itemized his damages in the petition; that is to say, among other things, he alleged in substance that on account of the injury sustained he had suffered a loss of time from his means of livelihood to the amount of two hundred and fifty dollars. In instructing the jury for the plaintiff, the court authorized a recovery for him on account of loss of time to an amount which "would reasonably compensate him for said loss of time,

if any," without limiting the amount on that score to two hundred and fifty dollars, that is, without requiring the jury to confine the recovery for loss of time to the amount alleged in the petition. In speaking of this instruction, Judge Fox, who delivered the opinion of the court, said:

"It is also erroneous in not limiting the amount of recovery for loss of time from his means of livelihood to the amount claimed in the petition. It will be noted that the petition only claims the sum of two hundred and fifty dollars for loss of time from his means of livelihood." See Smoot v. Kansas City, 194 Mo. 513, 522, 92 S. W. 363.

Further on in the same opinion, in discussing the same question, and the propriety of a remittitur, it is said the jury "were directed by instruction 4, without any limit being fixed, to assess the damages for the loss of time by the plaintiff from his means of livelihood, and it will be simply pure guesswork by this court, as was said in Slatterly v. St. Louis, supra, as to what amount was allowed by the jury for the damages occasioned by the loss of such time." See Smoot v. Kansas City, 194 Mo. 513, 92 S. W. 363.

Now it is obvious from this that the instruction was condemned by the Supreme Court in that case for the reason, among others, that it did not require the jury to confine their award of compensation for loss of time from the plaintiff's means of livelihood to two hundred and fifty dollars, the amount claimed in the petition. Such was the identical question presented to this court in the case of Heinz v. United Railways Co., 143 Mo. App. 38, 122 S. W. 346, and our ruling was precisely the same as that of the Supreme Court in the case last referred to. To rule the precise question identically as the Supreme Court had ruled the same in its last previous decision on the subject was our duty under the Constitution, as we understood it then and understand it now.

There can be no doubt of the general proposition that parties are bound by relevant matter averred in their pleadings and that the recovery by the plaintiff must be confined within the allegations of the petition. [Ramsey v. Henderson, 91 Mo. 560, 4 S. W. 408.]

It is certain if a plaintiff alleges he has been injured through the negligence of another and that as a result of such injury he has been required to pay out two hundred dollars for medical aid and attention and has lost time from his employment, to the extent of two hundred dollars, he will not be permitted to recover four hundred dollars on account of medical aid and attention and four hundred dollars on account of loss of time. If a plaintiff sees fit to thus itemize his damages, the jury should be required to confine the award of recovery within the amount specified for the particular element of damage relied upon unless it be where other allegations in the petition and proof made thereunder require an allowance of damages on the same score over and beyond the amount specified. Such was the case of Lindsay v. Kansas City, 195 Mo. 166, 93 S. W. 273. Indeed, this court so ruled in Impkamp v. St. Louis Transit Company, 108 Mo. App. 655, 664, 84 S. W. 119, and this, too, before the decision of the Supreme Court above referred to. However, such has been the law always, as we understand it.

The case of Lindsay v. Kansas City, 195 Mo. 166, 93 S. W. 273, is not in conflict with the doctrine of the Smoot case. In the Lindsay case, among other things, the petition prayed a recovery for loss of time or means of livelihood for the month following the 13th day of July, 1901 (the date of injury), to her damage in the sum of thirty dollars, and alleged, too, that plaintiff would in the future be compelled to lose her means of livelihood to her damage in the sum of five thousand dollars. The instruction given for the plaintiff touching the measure of recovery, it is true, did not require the jury to confine its award within the precise amount

declared for in the petition in respect of this item of damage; that is $30, the amount alleged for one month after July 13th. Instead, the instruction permitted a recovery for future damages that the plaintiff might suffer by the loss of her means of livelihood and permitted, too, a recovery in excess of thirty dollars prior to the trial. In giving judgment upon this question, the Supreme Court pointed out that although the petition prayed thirty dollars only for the loss of time for one month following the date of injury, the 13th day of July, it prayed as well damages for loss of time thereafter and that the suit was not commenced until the 27th of September. It therefore ruled that as the petition claimed damages for loss of time from the means of livelihood in the future, it was proper enough to permit a recovery for the loss of time from the means of livelihood for the month following the injury on July 13th and up to the date of filing the suit, September 27th and thereafter. It may be said of this case that besides the testimony of the physician who testified for plaintiff that she was permanently injured and that she had lost thirty or more pounds of flesh since receiving her injury, the plaintiff herself testified that she had not been able to work half of the time and was sick so much that she had had to give up her position. It is obvious that this testimony authorized a recovery under the allegations of the petition for future loss of time. The allegations in that case were broad and comprehensive and the proof made thereunder tended to support a recovery for loss of time in the future. Such being the allegations of the petition and the proof made thereunder, there is certainly no conflict in the ruling thereon with the former case of Smoot v. Kansas City, 194 Mo. 513, 92 S. W. 363. It may be conceded that in the Smoot case the petition, besides praying for two hundred and fifty dollars for loss of time, alleged as well that plaintiff would in future continue to lose time from the means of livelihood and prayed a recovery

therefor. Be this as it may, had the proof supported the allegation no doubt the Supreme Court would have ruled the question the same as in Lindsay v. Kansas City. But in this respect the cases are dissimilar. From the report of the Smoot case, it does not appear that any testimony whatever was introduced by plaintiff tending to support the allegation of damages on account of future loss of time from the means of livelihood. It seems from the statement of facts that besides introducing evidence tending to prove the allegation of negligence and that he was injured, plaintiff introduced testimony only "tending to prove the nature and character of such injury."

From the statement of facts and the ruling of the court on the question in the Smoot case, we must presume that there was no proof made as to damages on account of future loss of time from the means of livelihood and this omission of proof materially distinguishes the case from Lindsay v. Kansas City. The Smoot case ruled the identical question presented to this court in the Heinz case and, under the Constitution, that authority is conclusive on this court. We are unable to discover a reason for criticising the judgment given in the Heinz case.

It may be said, too, that the Supreme Court in the more recent case of Tinkle v. St. Louis & San Francisco R. R. Co., 212 Mo. 445, 110 S. W. 1086, followed and reaffirmed the doctrine of the Smoot case although that case was not cited and the judgment of reversal was not given upon that ground. It is true in the latter case the judgment of reversal was predicated on another question entirely. However, the court seized upon the opportunity even after adjudging a reversal should be had to point out the identical error in instructions denounced in the Smoot and Heinz cases. In that case, the court said: "In instruction number nine the court told the jury that plaintiff was entitled to recover for medical services *without limiting the*

*same to the amount claimed in the petition for such .
services. Upon a retrial this should be corrected."* (The
italics are our own.)   See Tinkle v. St. Louis & San
Francisco R. R. Co., 212 Mo. 445-471, 110 S. W. 1086.

In the case now in  judgment there is naught to
relieve  the question from the rule announced in Smoot
v. Kansas City, 194 Mo. 513, 92 S. W. 363, and Heinz
v. United Railways Company, supra.

It is suggested, however, that the  judgment ought
not to be reversed on account of the errors in the in-
struction referred to for the reason the defendant failed
to request an instruction properly limiting the amount
of recovery  on each element of damages specified.  It is
said that mere non-direction on a particular matter is
not reversible error in a civil case and that in view of
the fact defendant omitted to request an instruction
limiting the amount of recovery  on each of the several
items to the amount specified in the petition it should
be treated by the court as a mere non-direction.   The
question presented is not one of non-direction but in-
stead one of misdirection.   The instruction amounted
to a positive direction to the jury to take into account
each and all of the elements of damage referred to
without placing thereon the limit of recovery on each
set forth in the petition.   It is said that the cases of
Browning v. Wabash, etc.,   Ry. Co., 124 Mo.  55, 27
S. W.  644, and Wheeler v. Bowles, 163 Mo. 398, 63
S. W. 675, announced the doctrine that where the plain-
tiff's instruction on the measure of damages omits to
point out the particular elements of damage, the matter
will be treated under the rule  pertaining to non-direc-
tion in civil cases and the defendant precluded from
complaining if he has omitted to request a more specific
charge on the same  question.  Those cases are certainly
sound in doctrine and properly rule the questions then
in judgment.  However that may be, they are entirely
irrelevant here for the reason the record in the present
case presents no such question as was there ruled.   In

each of those cases, it appears that neither plaintiff nor defendant requested an instruction setting out the particular elements of damage. The instruction given on behalf of the plaintiff in each instance was general in character and confined the jury to a recovery not exceeding the amount stated in the petition. The complaint as to them on appeal related to the fact that the particular elements of damage were not given to the jury as rules for their guidance. The court, as we believe, very properly held in each case that as the instructions given for the plaintiff were not erroneous in their general scope, the mere fact that they omitted to point out the particular elements of damage was insufficient alone to justify the court in condemning them on appeal. It was said if the defendant desired a more pointed instruction with respect to the particular elements of damage to be taken into account by the jury, it should have requested the same and not having so requested it, the matter would be treated under the rule pertaining to non-direction in civil cases. Neither of those cases presented the question of the petition praying judgment for any particular amount on any particular element of damage and a failure to limit the recovery thereto in the instruction given. Those cases are dissimilar from this one in every respect; for there the complaint was that the court had permitted a recovery under a general instruction, sound in its general scope but defective, if at all, in omitting to present the elements of damage. In the present case, the instruction presents the particular elements of damage and specifies each and all of them identically as they are specified in the petition, except it omits to confine the amount of recovery on each element to the amount sued for in the petition. We are wholly unable to perceive how the doctrine of Browning v. Wabash, etc., R. R., 124 Mo. 55, 27 S. W. 644, and Wheeler v. Bowles, 163 Mo. 398, 63 S. W. 675, is relevant here.

It is argued that we are not permitted to review the error contained in the instruction referred to for the reason that defendant omitted to direct the trial court's attention thereto in the motion for a new trial. It is the rule that judgments will not be reversed on appeal for matters of exception unless the identical exceptions have been properly brought to the attention of the trial court in the motion for a new trial to the end that the trial judge may consider the same and be afforded an opportunity to rectify the error, if error there be. [State v. Scott, 214 Mo. 257, 113 S. W. 1069; State v. Grant, 194 Mo. 364, 92 S. W. 698; Fullerton v. Carpenter, 97 Mo. App. 197, 71 S. W. 98; Jennings v. Kansas City, 105 Mo. App. 677, 78 S. W. 1041.] It is very true that defendant's motion for a new trial in this case referred to this instruction as plaintiff's number three when the instruction itself appears to have been numbered eight. The motion for a new trial recited that the court had erred in giving instructions one, two and three for the plaintiff. Upon examining the record, it seems the court gave only three instructions on the part of the plaintiff. They were numbered one, two and eight. Nine instructions were given in all as follows: Three at the request of the plaintiff, three at the request of the defendant and three by the court of its own motion. It thus appears conclusively that the plaintiff requested and was given three instructions, no more and no less. This being true, it is certain that even though the instruction on the measure of damages had acquired the serial number eight for convenience, it was nevertheless in fact plaintiff's third instruction, for only three were given at his instance and the other two were numbered instruction number one and instruction number two. This appearing, it is obvious that neither the trial court nor the plaintiff were misled by reference to plaintiff's instruction number three in the motion for a new trial. Under these circumstances, the reference in the motion for a new trial to plaintiff's instruction number three

would obviously direct the mind of any person desiring to be fair and just to plaintiff's third instruction although it happened to have received the number eight in the series.

The Kansas City Court of Appeals very recently expressed the same view on the identical question and we cite that case as an authority in point. See Clark v. Sublette, 117 Mo. App. 519, 94 S. W. 733. In this view, we entertain no doubt the trial judge reveiwed the instruction referred to identically as he did the others. At any rate, it appearing that only three instructions were given for the plaintiff and three referred to in the motion, the trial court was certainly not justified in declining to consider the matter as properly called to its attention, and it will be treated here as though it was reviewed.

The judgment should be reversed and the cause remanded. It is so ordered.

Judge GOODE concurs. Judge REYNOLDS dissents. Judge REYNOLDS expresses the opinion that the judgment of the court is in conflict with the ruling of the Supreme Court in Browning v. Wabash, etc., Ry. Co., 124 Mo. 55, 27 S. W. 644, and Wheeler v. Bowles, 163 Mo. 398, 63 S. W. 675, and requests the cause be certified in the Supreme Court for final determination. It is so ordered.

## DISSENTING OPINION.

REYNOLDS, P. J.—I regret that I am unable to concur in the reasoning or conclusion of my learned associates, on the assigned error in the instruction as to the measure of damages. I preface what I have to say by a somewhat fuller statement of the record.

This is an action instituted before a justice of the peace. On a finding for plaintiff, the case was appealed to the circuit court and there tried before the court and jury. The petition or statement sets out that

plaintiff was injured by reason of the carelessness of defendant's agents and servants, in starting a car with a sudden jerk while plaintiff was boarding it and before he could reach a place of safety on it, so that he was thrown from the car, his clothing injured and he disabled from attending to his work for about two months. It is alleged that the loss of wages for two months amounted to $156, medical expenses amounted to $30, damage to and loss of a suit of clothing and hat $40, and that pain and injury had been suffered and personal injuries sustained. Plaintiff alleges that his total damages amounted to the sum of $500, for which he prays judgment.

On the assignment of error on which the case is submitted and argued to us by counsel for appellant, it is only necessary to say that there was evidence that plaintiff had been thrown from the car in his attempt to board it and injured as alleged. The error assigned is solely on the instruction as to the measure of damages. Touching the damage sustained, plaintiff gave evidence tending to show that the bill of the doctor who attended him was from $50 to $60; that this was a reasonable charge; that plaintiff lost ten weeks of time, his wages being $18 a week; that his suit of clothes and his hat were ruined, the value of both of these being $38.50.

The only instruction here complained of by counsel for appellant is instruction marked number 8, given at the instance of plaintiff. This instruction is as follows:

"8. The court instructs you, gentlemen of the jury, that if you find for the plaintiff, you should, in estimating his damages, consider his physical condition before and after receiving the injuries for which he sues as shown by the evidence, the physical pain and mental anguish, if any, suffered by him on account of his injuries at the time of and since such injuries, as shown by the evidence to have been caused by the injuries then

and there received; the extent, if any, to which he has been prevented and disabled by reason of such injuries from working and earning a livelihood for himself at his regular employment as a bartender; his necessary expenses for medical attention in endeavoring to be cured; his loss by reason of damage, if any, to his wearing apparel, as a result of the falling or being thrown from defendant's car; and you may find for him such sum, as in the judgment of the jury, under all the evidence in the case, will compensate him for the injuries then and there received, if any, wages or earnings lost, necessary expenses incurred, and damage to wearing apparel suffered, not, however, exceeding the sum of five hundred dollars."

In addition to this instruction, seven instructions were given. The first set out the facts in the case and instructed the jury as to the liability of the defendant, if these facts were proven. The second was as to the duty of the defendant to exercise the highest degree of care, caution and diligence, reasonably practicable, for the personal safety of the plaintiff, if he was in the act of taking passage on the car. These two instructions are numbered 1 and 2. Instructions numbered 3, 4 and 5 were given at the instance of defendant and need not be noticed, any further than to remark that none of them related to the measure of damages. The court of its own motion gave instructions which were numbered 6, 7 and 9, and at the request of plaintiff gave the above instruction, which is marked 8, and in the abstract is so numbered, and is referred to as given at the request of the plaintiff. The giving of all these instructions was duly excepted to by defendant.

There was a verdict for plaintiff for $250, and defendant in due time filed its motion for new trial. The third ground stated is as follows: "3. Because the court committed error in giving instructions numbered one, two and three, upon the part of the plaintiff."

An appeal was thereupon duly perfected to this court by defendant.

As to the proposition covering the error in the number of the instruction, calling it number 3 when it is number 8, I agree that such mere clerical error is too trifling to defeat a party of its rights to have the case heard on the alleged error in that instruction, notwithstanding the number given to it is erroneous. It is the only instruction covering the measure of damages in the record.

The defendant relies upon the cases of Smoot v. Kansas City, 194 Mo. 513, 92 S. W. 363; Tinkle v. Railroad, 212 Mo. 445, 110 S. W. 1086; Impkamp v. Transit Co., 108 Mo. App. 655, 84 S. W. 119; Heinz v. United Railways Co., 143 Mo. App. 38, 122 S. W. 346, as ground for reversal of the judgment in this case. Particular reliance is placed upon the decision of this court in Heinz v. United Railways Co., supra, the opinion filed November 2, 1909. While it is true that the writer concurred in the opinion rendered in the Heinz case, the point now here raised was not considered, nor was it in the Smoot, Tinkle or Impkamp cases. An examination of the files in the Heinz case discloses the fact that the instruction held to be erroneous and for the giving of which the judgment was reversed was as follows:

"The court instructs the jury that if, under the evidence and instructions of the court, you find in favor of the plaintiff, you should assess his damages at such an amount as you believe from the evidence will be a fair compensation to him for the pain of body and mind, if any, which he has suffered, occasioned by his injuries in question, and for such loss of earnings, if any, as you may believe from the evidence he has suffered in consequence of said injuries, and for such reasonable actual expenses, if any, which he has incurred for medical treatment."

It will be noticed that there is no limitation whatever of the amount the jury were authorized to award as damages. In the case at bar the amount is distinctly limited to the sum of $500.

The Heinz case decision rests on the decision of the Supreme Court in the Smoot case. In that case the petition stated the value of the surgeon's services and damages on account of the liability for them at $200. The instruction of the court authorized the jury to allow $350 for this service. It is also true that in the Smoot case, while the instruction authorized recovery for the loss of time for which plaintiff claimed $250, the court in its instruction made no limitation as to the amount plaintiff could recover for lost time, and it would seem that the court held this error. But a careful reading of the opinion leads the writer to doubt as to that. The discussion was more over the question of whether a remittitur could be intelligently made in the award of damages. The majority opinion refers to the Tinkle case. While comment is made in that case on the failure of the court to limit the jury to the amount recoverable for medical services, Judge Burgess, who delivered the opinion, says that upon the retrial of the case, that should be corrected. But he does not hold this omission to be reversible error. The writer does not understand that any of these decisions hold that the jury must be instructed as to each item in an account. If that is the law, I do not see why it does not apply not only to actions for damages, but to those for goods, wares and merchandise sold, to any actions embracing several items, and if that is true, it would seem to make each item of charge a separate cause of action. If it is necessary to so instruct, it would seem to follow that it should be so plead and that the jury, in its verdict should specify each item for which it allowed damages and the amount allowed. I do not understand this ever to have been the law in this State, and cannot bring

myself to believe that our Supreme Court so intended to hold. The writer, speaking for himself, is unwilling to establish that as a rule, unless the point is specifically so decided by our Supreme Court, in a controlling decision to which we are bound to conform.

Our statute, Revised Statutes 1899, section 721, provides that, "In every issue for the recovery of money only, or specific  real or personal property, the jury shall render a general verdict." These actions for damages for personal injuries sustained are referable to no class of actions other than actions for the recovery of money only, and the jury can only enter a general verdict. It has been held in many cases that this is so even when there are several counts in the petition.  Of what useful purpose is the instruction of the court to the jury to confine its verdict to the amount specified as to each item, if on the return of the general verdict which the law demands, it is impossible to determine, unless that amount happens to equal the sum of the amounts claimed, whether or not the jury has conformed to the instruction of the court? It has long been the recognized practice in this State to sustain as correct an instruction on the measure of damages which, in general terms, confines the jury to the award of damages not exceeding the amount claimed in the petition.

In Browning v. Railway Co., 124 Mo. 55, 27 S. W. 644, passing on such an instruction, it is held (l. c. 72) that the instruction, although general in its scope, is not for that reason erroneous. The opinion in this case was delivered for the court In Banc by Judge BARCLAY and referring to the part of the instruction as to the measure of damages, Judge BARCLAY says at page 71, that it was prepared by Judge GANTT. It is approved and adopted by all the members of the court, except Judge BURGESS, who, having tried the cause as a circuit judge, took no part in the decision, but as he was the judge who had given the instruction which was approved, the result can reasonably be assumed to have

met with his concurrence. Furthermore, in the case before us, the defendant asked no corrective instruction as to the measure of damages. Quoting from that part of the opinion in Browning v. Railway which was prepared by Judge GANTT and is at page 72 of the report, it is said: "The instruction is not erroneous in its general scope; and if, in the opinion of counsel for defendant, it was likely to be misunderstood by the jury, it was the duty of the counsel to ask for modifications and explanations, in an instruction embodying its views."

In Wheeler v. Bowles, 163 Mo. 398, 63 S. W. 675, in discussing the error urged to lie in the failure of the circuit court to instruct the jury as to the rule by which they should estimate plaintiff's damage, Judge GANTT, speaking for Division Number 2, says: "As to this point it is only necessary to remark that this is a civil action and mere non-direction is no ground of error in this court. Defendant did not submit any instruction on the elements of damages, neither did plaintiff. If defendant desired the jury restricted to certain elements he should have offered an appropriate instruction on that subject." Judge GANTT then refers to the fact that they are cited by counsel to the case of Carpenter v. McDavitt & Cottingham, 53 Mo. App. 393, but he calls attention to the fact that that was overruled in Haymaker & Crookshanks v. Adams & Son, 61 Mo. App. 581, to conform to the opinion of the court In Banc in Browning v. Railway, supra.

Later, in Geismann v. Missouri-Edison Electric Co., 173 Mo. 654, 73 S. W. 654, the instruction as to the measure of damages was a general one, limiting the award of damages to the amount stated generally in the petition. Referring to this instruction, Judge BURGESS, at page 679, cites Browning v. Railroad, supra, and quotes from it in support of the rule that where no instructions are asked by the defendant as to the

146 App.—47

measure of damages, an instruction couched in general language is correct. Judge BURGESS also cites Barth v. Railroad, 142 Mo. 535, 44 S. W. 778, as establishing the proposition that the "generality of the instruction would not constitute reversible error, as the right was reserved to defendant to point out the elements limiting the damage in its own instructions."

As I am not only bound by my oath of office to support the Constitution of our State, but am in thorough and hearty accord with the provision of that Constitution which requires us to follow the "last previous rulings of the Supreme Court, on any question of law or equity," for in no other way can uniformity of decision be secured, I venture to call attention to the construction placed upon this constitutional provision by our Supreme Court.

In Bank v. Woesten, 144 Mo. 407, 46 S. W. 201, a case which this court had certified to the Supreme Court because in its opinion, its own decision in the case was "not in harmony with the decision of the Supreme Court" in another and the last previous decision of the Supreme Court, Judge GANTT, then Chief Justice, speaking of this court and for the court In Banc, all of the judges except Judges SHERWOOD and MARSHALL concurring, says (1. c. 409, 410) : "When that court unanimously concurs in its interpretation of a decision of this court but one alternative remains, and that is, to follow it. If on the other hand it deems any decision of this court not applicable to the facts before it, in judgment, the mere fact that such decision of this court is later in date, and is cited as controlling authority, will not prevent that court from judicially determining which decision it regards as the last upon the question presented in their record. Indeed they are required to do so, and cannot evade that responsibility by sending it to this court to correct what the court of appeals may deem conflicting opinions of this court."

Later, in the case of M., K. & T. Ry. Co. v. Smith, 154 Mo. 300, 55 S. W. 470, Judge Robinson speaking for all the members of the court then present in court In Banc, Judge MARSHALL being one, Judge SHERWOOD alone absent, quotes the above from the opinion of Judge GANTT approvingly. It is in entire harmony with this ruling of our Supreme Court, when having the question directly in judgment, and deciding it In Banc, that I hold that the decisions in Browning v. Railway, Wheeler v. Bowles and Geismann v. Missouri-Edison Electric Co., supra, are the "last previous rulings of the Supreme Court" on the question of law here involved.

In Smoot v. Kansas City and Tinkle v. St. Louis & S. F. R. R. Co., supra, relied on by my very learned and careful associates, the point involved in the cases cited by me was not raised and was not considered. No suggestion was made in either of them that a general verdict was insufficient and that judgment rendered in a civil cause would not be reversed for non-direction as to amount of damage, no instruction being asked qualifying the one given. We have a right to assume, in the light of the cases cited, that if it had been made, the Supreme Court, in Divisions 1 and 2 would have followed what the court In Banc had decided. In the Heinz case, in the decision of which the writer concurred, no such proposition was made or considered as I have here put forward. So that I not only do not feel bound by it, but it affords a striking illustration of the proposition that I here make, namely, that a point not made and considered is not within the decision. The point of non-direction not made, was not in judgment in either of those cases. I think, therefore, that the latest ruling of the Supreme Court on the proposition that mere non-direction in a civil cause is not ground for reversal, is found in the cases I have cited and that the proposition so well made by Judge

GANTT in Bank v. Woesten, supra, namely, that the mere fact that a decision of the Supreme Court is "later in date, and is cited as a controlling authority, will not prevent (this) court from judicially determining which decision it regards as the last upon the question presented in (our) record," is applicable here. I therefore repeat that in my judgment neither the Heinz case nor the cases therein relied upon should control in the disposition of this question in this case, for the reason that the points here involved were not presented for consideration or adjudicated in them and that on that point, the last controlling rulings of our Supreme Court are against the positions now taken by my learned colleagues. Deeming that the decision of the court on this proposition is contrary to the decisions of the Supreme Court in the Browning, Wheeler and Geismann Cases, supra, and considering the point involved of sufficient importance, I most respectfully ask that this cause be certified and transferred to the Supreme Court of the State.