ANNIE WALTERS, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, June 4, 1912.

1. DAMAGES: Personal Injuries: Instructions: Failure to Limit Recovery. In an action for personal injuries, where the petition prays for the recovery of specified sums, alleged to have been expended, respectively, for doctor's services and medicine, an instruction, authorizing a recovery for expenditures for medicine and medical attention, without limiting the recovery thereon to the respective amounts demanded therefor in the petition, is erroneous.

2. **APPELLATE PRACTICE: Excessive Recovery: Remittitur.**
Although, in case of an excessive verdict, the appellate court
may order a remittitur of the excess, on pain of a reversal of
the judgment, yet, to justify the exercise of this power, the
court must be satisfied that no injury will result to defendant
therefrom and must be able to ascertain from the evidence,
with a reasonable degree of precision, the amount of the excess.

3. ——: ——: ——. In an action for personal injuries,
where the petition prayed for the recovery of specified sums
for expenditures for medicine and medical attention, the in-
struction on the measure of damages erroneously failed to
limit the recovery thereon to the respective amounts demanded
therefor in the petition, and the evidence did not disclose the
precise amounts expended therefor. *Held*, that the appellate
court could not ascertain from the evidence, with a reasonable
degree of precision, the amount the jury may have allowed on
those items, in excess of the amount demanded therefor in the
petition, and, therefore, the error cannot be cured by remittitur.
[REYNOLDS, P. J., dissents.]

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman*, Judge.

REVERSED AND REMANDED.

*Boyle & Priest, J. C. Kiskaddon* and *Paul U. Far-ley* for appellant.

Plaintiff's instruction No. 2 is erroneous, in that
it fails to limit the amount of plaintiff's recovery for
doctor's bill, medicine and nurse hire to the sums
pleaded in her petition to-wit, sixty-five dollars, ten
dollars and twenty dollars, respectively.    Smoot v.
Kansas City, 194 Mo. 513; Heinz v. Railroad, 143 Mo.
App. 38; Shinn v. Railroad, 146 Mo. App. 718; Tinkle
v. Railroad, 212 Mo. 471; Radke v. Basket & Box Co.,
229 Mo. 1.

*Francis M. Wolf* and *Erwin Ossing* for respond-
ent.

(1) This instruction No. 2 is at most, as applying
to special damages, a matter of nondirection and

should have been met by a proper instruction of limitation or correction on defendant's part, had said instruction been objectionable to it. Browning v. Railroad, 124 Mo. 55; Wheeler v. Bowles, 163 Mo. 398; Haymaker v. Adams, 61 Mo. App. 581; Geissmann v. Electric Co., 173 Mo. 654; Barth v. Railroad, 142 Mo. 535. (2) A general verdict in this case was called for by instruction No. 2 and said instruction was clearly predicated on general damage allegations in plaintiff's petition, the feature of special damages being waived by plaintiff, wholly eliminated from the jury's consideration at the close of the evidence. (3) Plaintiff has the right to file a remittitur for part of the amount if she desires to do so, as such amount is fairly distinguishable from other elements in the verdict. Ice Co. v. Tamm, 90 Mo. App. 189; Loyd v. Railroad, 53 Mo. 509; Burdict v. Railroad, 123 Mo. 221.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through defendant's negligence. Plaintiff recovered and defendant prosecutes the appeal.

The evidence tends to prove that plaintiff was a passenger on defendant's street car and was injured because of its servants' negligently starting the same while she was in the act of alighting therefrom. The appeal presents but one question for consideration, and that relates to the action of the court in omitting to confine the recovery on certain items for special damages to the amounts claimed in the petition. As a result of being thrown upon the ground by the sudden starting of the car while in the act af alighting therefrom, plaintiff received a painful and permanent injury to her knee. It appears that she employed the services of a physician and a nurse to attend her and expended some means for medicine as well.

In the petition, plaintiff avers that she expended sixty-five dollars on account of doctor bills, ten dol-

lars for medicine and twenty dollars for nurse hire, and prays for a recovery on account of these matters accordingly. By an instruction on the measure of damages given at the instance of plaintiff, the court directed the jury to consider as elements thereof, and authorized a recovery for expenditures for medicine and medical attention, but omitted to confine the jury to the amounts above specified and claimed on that score in the petition. The instruction complained of is as follows: "If the jury finds the issues for the plaintiff, in determining the measure of damages, they may take into consideration all the facts and circumstances in evidence, together with her age, the mental and physical pain and suffering endured by the plaintiff, if any, since said injury in consequence thereof; the character and extent of said injury, and its continuance, if permanent, together with her loss of time and service and her inability, if any, resulting from said injury to earn a livelihood for herself and her necessary expense for medicine and medical attention, and you may find for her in such sum as in the judgment of the jury under the evidence will be a round compensation for the injury, not to exceed the sum of seven thousand dollars, the amount claimed in the petition." Obviously, this instruction infringes the established rule of decision in this state in such cases, for it has been several times decided that, where the petition lays claim to special damages and seeks a recovery, as here, in a certain amount, the instruction authorizing a recovery therefor must pointedly direct the jury to confine its award touching these matters within the amount so claimed in the petition. [See the following authorities in point: Smoot v. Kansas City, 194 Mo. 513, 92 S. W. 363; Shinn v. United Rys. Co., 146 Mo. App. 718, 125 S. W. 782; Radtke v. St. Louis Basket, etc. Co., 229 Mo. 1, 129 S. W. 508; Heinz v. United Rys. Co., 143 Mo. App. 38,

122 S. W. 346; Tinkle v. St. Louis & S. F. R. Co., 212 Mo. 445, 110 S. W. 1086.]

Though the petition prayed for a recovery on account of money expended in the employment of a physician, in the sum of sixty-five dollars only, and ten dollars expended for medicine, and twenty dollars for nurse hire, the instruction authorized the consideration of such elements of damages and a recovery therefor in general terms without any limitation whatever, save the sum total of $7000 prayed for in the petition. Under the cases above cited, this constitutes reversible error, unless a remittitur may be entered here to save the verdict.

There can be no doubt that, in event of an excessive recovery, in some cases, it is competent for the appellate court to order a remittitur from the verdict, on pain of reversing the same unless a relinquishment of the excess is entered. But when the question arises under an erroneous instruction, as here, the rule obtains only on it appearing that the amount of the excessive recovery may be ascertained from the evidence and calculated with a reasonable degree of precision, to the end of determining the amount which should be remitted, for, otherwise, such an attempt at ascertainment would amount to no more than a guess or conjecture. To justify the appellate court in ordering a remittitur, the evidence must reveal a criterion sufficiently accurate to determine, with a reasonable degree of precision, the amount of the excessive recovery under the particular instruction in judgment. Furthermore, it must appear, too, that no injury will be done to defendant in entering such remittitur, for, unless such appears, it is entitled to have the case remanded, to the end of ascertaining the damages against it under proper instructions. [Smoot v. Kansas City, 194 Mo. 513, 92 S. W. 363; Creve Coeur Ice Co. v. Tamm, 90 Mo. App. 189.]

While the evidence in the record before us reveals. expenditures by plaintiff for doctor bills, medicine and nurse hire, the precise amount thereof is not disclosed. Had the evidence set forth with clearness and precision the exact amounts paid out for doctor bills, medicine and nurse hire, we believe it would be proper enough to order, on plaintiff's application, a remittitur of such amounts, but we are unable to do so on the evidence, as no criterion is furnished thereby by which we may ascertain, with a reasonable degree of precision, what the jury may have allowed on account of such claims. The evidence is, that a bill of sixty dollars or seventy dollars was contracted for a physician; that other expenditures for medicine and nurse hire were made, too, but the amount as to these latter items is not set forth. Under the general instruction given, it may be the jury awarded plaintiff considerably more as to these claims than the amount demanded in the petition. At any rate, there is naught in the record with respect of them which enables us to ascertain the amount which should be remitted from the verdict. This being true, the case resembles Smoot v. Kansas City and Radtke v. Basket Co., supra, in both of which the Supreme Court declined to order a remittitur for the identical reasons above pointed out.

The judgment should be reversed and the cause remanded. It is so ordered. *Caulfield, J.,* concurs. *Reynolds, P. J.,* dissents in so far as reversing the judgment is concerned, being of opinion that we can determine the amount which should be remitted, and, counsel for respondent offering to remit, we should affirm, if remittitur is entered.