## ANNA ERDMANN, Respondent, v. UNITED RAILWAYS COMPANY of St. Louis, Appellant.

St. Louis Court of Appeals.   Argued and Submitted April 9, 913.
Opinion Filed May 6, 1913.

1. **DAMAGES: Personal Injuries: Instructions: Failure to Limit
   Recovery.**  In an action for personal injuries, it is not re-
   versible error for the instruction on the measure of damages
   to fail to limit the recovery on the different items of damages
   to the amount demanded therefor in the petition.

2. **WITNESSES: Privileged Communications: Attorney and Cli-
   ent.**  In an action for personal injuries, counsel for defendant
   undertook to have plaintiff testify, on cross-examination, as to
   the information upon which she relied when she advised her
   counsel concerning the injuries she alleged she had sustained.
   As interpreted by the trial court, the question called for testi-
   mony concerning the statements made by plaintiff to her coun-
   sel concerning her injuries.  On objection by counsel for
   plaintiff that the question called for a privileged communica-
   tion between attorney and client, the question was excluded
   as being improper in the form asked.  *Held,* that this ruling
   was correct.

3. **DAMAGES: Action for Personal Injuries: Evidence.**  Where,
   in an action for personal injuries, plaintiff's condition and
   the extent of her injuries were fully proved by the evidence
   of herself and her physicians, whether she knew of the extent
   of her injuries when she brought the action, or was acting
   on her own knowledge or on information given by her physi-
   cians when she consulted counsel, was immaterial.

### W. B. Homer, Judge.

Appeal from St. Louis City Circuit Court.—*Hon.*
AFFIRMED.

*Boyle & Priest* and *Paul U. Farley* for appellant.

(1) The court erred in giving plaintiff's instruc-
tion No. 2, in that said instruction fails to limit the
amount of plaintiff's recovery for medical attendance
and medicine to the sum pleaded in her petition, to-

wit, $100.  Smoot v. Kansas City, 194 Mo. 513; Heinz
v. Railroad, 143 Mo. App. 38; Shinn v. Railroad, 146
Mo. App. 718; Tinkle v. Railroad, 212 Mo. 471; Radke
v. Basket & Box Co., 229 Mo. 1; Walters v. Railroad,
165 Mo. App. 628.  (2) The court erred in excluding
competent, material and relevant testimony offered by
defendant.

C. J. *Anderson* for respondent.

(1) None of the authorities cited by appellant un-
der point I of its brief are applicable to the case at
bar for the reason that in each of those cases the pe-
tition expressly limited the full amount of damages
sustained by plaintiff by reason of such medicines and
medical attendance or loss of time.  (2) Instruction
number two on the measure of damages as given for
plaintiff correctly states the law.  Lindsay v. Kansas
City, 195 Mo. 166; Tandy v. Transit Co., 178 Mo. 240;
O'Donnel v. United Railways Co., 152 Mo. App. 606.
(3) No error was committed by the trial court in its
ruling on the evidence offered by the defendant and
complained of by defendant herein.  If such ruling
was erroneous then such error was harmless and in
no way prejudicial to the defendant.  The court sus-
tained the objection to the form of the question only.
If counsel had desired to pursue the subject-matter
further he could have reframed his question.

REYNOLDS, P. J.—The petition in this case
counts upon injuries alleged to have been sustained
by plaintiff in consequence of a collision between two
cars operated by defendant, one on its Cherokee line,
the other on its Olive street line, in the city of St.
Louis.  The injuries alleged to have been sustained
are bruises, contusions and abrasions upon the nose,
arms and lower limbs, the left shoulder badly sprained,
back sprained and wrenched, the left ear torn and lac-

erated, ovaries and kidneys torn, bruised and lacerated and entire nervous system greatly shocked, it being alleged that her injuries are incurable and permanent. It is charged that by reason of her injuries plaintiff has been prevented from following her usual occupation as a saleslady of millinery and ladies' wearing apparel; that she has lost her earnings from that employment, to-wit, $15 a week from and after the 4th of June, 1910, and will continue to lose those earnings in the future; that she has paid large sums of money for medicine and medical treatment, in the amount of $100, has obligated herself to pay and will be compelled to pay large sums of money for medicines and medical treatment in the future, the amount unknown to plaintiff. Damages were prayed in the sum of $7500.

The answer was a general denial. The trial resulted in a verdict and judgment for plaintiff in the sum of $3750, from which, after filing a motion for new trial, defendant has duly perfected its appeal to this court.

The only errors assigned before us are two. The first is to the giving of an instruction as to the measure of damages, it being complained that this instruction fails to limit the amount of plaintiff's recovery for medical attendance and medicines to the sum pleaded in her petition, to-wit, $100. In support of this assignment we are referred to Smoot v. Kansas City, 194 Mo. 513, 92 S. W. 363; Heinz v. United Railways Co., 143 Mo. App. 38, 122 S. W. 346; Shinn v. United Railways Co., 146 Mo. App. 718, 125 S. W. 782; Tinkle v. St. Louis & S. F. R. Co., 212 Mo. 445, 110 S. W. 1086; Radtke v. St. Louis Basket & Box Co., 229 Mo. 1, 129 S. W. 508, and Walters v. United Railways Co., 165 Mo. App. 628, 147 S. W. 1098. It is true that the instruction complained of did not limit the amount of recovery for medical attendance and medicine to the sum pleaded, to-wit, $100, and that these

cases seem to hold that this was error. But in the recent case of Shinn v. United Railways Co., not yet officially reported but see 154 S. W. 103, where the same point was made on the instructions and in which the majority of our court held in the same case (146 Mo. App. 718) that the instruction should have limited the recovery for medical attendance to the amount claimed, our Supreme Court has disapproved of that, holding that it was unnecessary, in the instructions, to place a limit upon each specific item of damage alleged to have been sustained. On the authority of that decision this assignment of error must be overruled.

The second and remaining assignment of error is to the exclusion of competent, material and relevant testimony, as it is said, offered by defendant. In the cross-examination of plaintiff, counsel for defendant undertook to have her testify as to the information upon which she relied when she advised her counsel of the injuries which she alleged she had sustained, or, as the question was interpreted by the court, counsel for defendant undertook to ask plaintiff what statement she had made to her counsel as to that matter. This was objected to as privileged communication between attorney and client and as immaterial. After some discussion between court and counsel the court ruled that the question was improper in the form asked. To this counsel excepted. Plaintiff was then asked by counsel for defendant if, at the time she went to see her attorney and gave him the facts on which he drew up the petition which he filed, she knew she was suffering from the injuries which she had testified to in the suit. This was objected to as immaterial and objection overruled. Witness answered that she did. She was then asked if she knew what her injuries were at that time. She answered that "of course" she did. She further stated that when she called on her attorney to give him the facts in the case that he might draw up her petition, she had told him what was

the matter with her. She further said that at that time she had not seen one of the physicians who afterwards attended her. She had seen another physician who, it appears, testified that he was unable to find anything more serious than bruises. Hence it is argued by counsel for appellant that it became a very interesting and pertinent question as to in what manner plaintiff learned that her ovaries and kidneys were torn, bruised and lacerated, and was able to advise her counsel thereof before she had been told by one of her physicians who had testified to her injuries. It is claimed that this went to the credibility of the witness. We do not think this objection tenable. The only objection sustained was as to the form of the question. That ruling was correct. Following that, counsel for defendant was allowed practically to go into the matter with the plaintiff, so that we are unable to see the force of the argument now made. So far as concerns the credibility of the plaintiff as a witness, that was for the jury. This witness and the physicians testified as to the injuries. Whether plaintiff knew of their extent when she brought her action, or was acting on her own knowledge or on information given by her physicians when she consulted counsel was entirely immaterial.

There was testimony tending to sustain the allegations of the petition, the case was one for the jury under proper instructions, no complaint of any instruction save the one referred to as to damages is made, and we find no reversible error.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.